HALL, Judge.
Appellant Russell Brown appeals his sentences on five counts of burglary and the subsequent revocation of his probation. Appellant raises several points on appeal, two of which merit discussion. He first contends the trial court erred in sentencing him under the guidelines absent his affirmative selection. He also contends the trial court erred in revoking his probation for reasons not specified in the affidavit of violation. We agree on both points and, therefore, reverse.
On July 27, 1983, appellant entered guilty pleas in twelve separate cases involving a series of burglaries and thefts (Case Nos. 83-1364-75) and was placed on fifteen years probation. Appellant was subsequently accused of violating his probation through the theft of a bicycle.
On January 27, 1984, appellant was charged with five additional counts of burglary (Case No. 83-3686), all of which were committed prior to October 1, 1983. These burglary counts bore no relation to the charged probation violation. On July 9, 1984, a jury trial ensued on the newly charged burglary counts, with the jury finding appellant guilty as charged. Prior to trial, appellee filed a motion requesting the court to rule on the probation violation at the conclusion of the proceeding. However, the court deferred this matter to a later date.
Sentencing in case number 83-3686 occurred on August 6, 1984. Appellant was sentenced under the guidelines to ten years imprisonment. The parties reconvened before the court on August 10, 1984, for sentencing on the violation of probation. At that time, the court found appellant in violation of his probation by virtue of his convictions and sentences in case number 83-3686. The court sentenced appellant to five years imprisonment on each of the underlying burglary counts and five years probation on each of the grand theft counts. The sentences entered in these cases and case number 83-3686 were to run concurrently with each other. The probation was to become effective after appellant’s release from confinement.
As to appellant’s first point, we agree that the trial court erred in applying the guidelines. The sentencing guidelines may be applied to crimes occurring prior to October 1, 1983, only where the defendant affirmatively selects to be sentenced under the guidelines. § 921.001(4)(a), Fla.Stat. (1983); In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983); Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984); Rodriguez v. State, 458 So.2d 899 (Fla. 2d DCA 1984). Here, the transcript of the August 6, 1984, sentencing is devoid of any showing that either appellant or his counsel affirmatively selected the guidelines. The only reference to the guidelines came after the court entered the sentence. At this point, counsel for appellant stated: “Your honor, I didn’t receive the guidelines sheet. I was — it was my understanding that the guidelines were not going to call for that much time.” This statement can in no way be considered as an election to be sentenced under the guidelines. Accordingly, we reverse appellant's sentences in case number 83-3686 and remand for resentenc-ing.[1]
As to appellant’s additional point, we agree that the trial court erred in revoking appellant’s probation. The law is well settled that a defendant’s probation cannot *441 be revoked for reasons not alleged in the charging affidavit. Clark v. State, 442 So.2d 1076 (Fla. 3d DCA 1983); Hodges v. State, 370 So.2d 78 (Fla. 2d DCA 1979); Mack v. State, 342 So.2d 562 (Fla. 2d DCA 1977); Hooks v. State, 207 So.2d 459 (Fla. 2d DCA 1968). Here, the only criminal offense alleged in the affidavit of violation was a bicycle theft, a crime for which appellant was never charged. At the revocation hearing held on August 10, 1984, however, the trial court made no mention, nor was any evidence presented, of the alleged theft. Rather, it predicated the revocation of appellant’s probation solely on the burglary convictions in case number 83-3686. Accordingly, we reverse the order revoking appellant’s probation and the sentences based thereon.
REVERSED and REMANDED.
SCHOONOVER, A.C.J., and FRANK, J., concur.

. In view of our disposition of this point, we need not address appellant’s additional contention that the trial court erred in departing from the recommended guidelines sentence.