502 So.2d 77 (1987)
Ben Arthur SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1171.
District Court of Appeal of Florida, Third District.
February 10, 1987.
*78 Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark J. Berkowitz, Tallahassee, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
The defendant appeals an order revoking probation and imposing a sentence for imprisonment on a finding that he committed the offenses of burglary and robbery.
Marie Buffone, the victim, testified that as she returned home from a shopping trip she noticed a car behind her; and that she parked in her yard but remained in the car until the vehicle behind passed. The suspicious vehicle, driven by the defendant, continued to the corner and made a left turn out of her sight. It was only then that she got out of her car and started up the walkway to enter the house. As she walked up her driveway the man who was a passenger in the passing automobile ran up behind her and, after a brief struggle, took her purse and absconded. Both suspects were apprehended after a chase by police officers. The defendant was positively identified as the driver.
The defendant contends in this appeal that the evidence was legally insufficient to prove that he was an aider and abettor to the crime of burglary or robbery, relying mainly on A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982), where we held that evidence that the defendant drove the getaway car from the scene of the burglary at the burglar's request, without more, was insufficient to convict as an aider and abettor. We agree.
A defendant cannot be convicted of a charged substantive offense based on evidence which proves involvement only as an accessory after the fact. Jackson v. State, 436 So.2d 1085 (Fla. 3d DCA 1983); A.Y.G. v. State. Likewise probation cannot be revoked where the proof supports only an offense other than the one charged. Brown v. State, 468 So.2d 439 (Fla. 2d DCA 1985). Nothing in the record excludes the reasonable inference that the defendant had no knowledge of the robbery until after it occurred.[1]
Reversed and remanded.
NOTES
[1] There is no double jeopardy bar to the state filing a new affidavit of probation violation based on the lesser offense.