722 So.2d 834 (1998)
Charles MILBRY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01608.
District Court of Appeal of Florida, Second District.
October 2, 1998.
*835 James Marion Moorman, Public Defender, and Patricia A. Paterson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
BLUE, J.
Charles Milbry appeals the final judgments and sentences entered after the trial court revoked his community control. We agree that the trial court erred by revoking Milbry's community control based solely on hearsay evidence. Therefore, we reverse the revocation of community control and sentences.
Approximately two months after Milbry was released from serving his sixth state prison sentence, he was involved in a criminal episode that resulted in three serious felony charges against him. Pursuant to a plea agreement with the State, Milbry entered pleas of guilty and was placed on one year of community control followed by four years of probation, concurrent on all three counts. Approximately six weeks after Milbry was placed on community control, the Department of Corrections filed an affidavit alleging that he had violated conditions 3 and 8 of the community control. The affidavit alleged that the violations had occurred within three days of Milbry being placed on community control.
A brief evidentiary hearing was held. Minor complications ensued because Milbry, although not legally incompetent, made statements indicating his mental confusion regarding the proceedings. Following the hearing, the trial court found Milbry in violation of his community control based on the community control officer's testimony, and sentenced him to three concurrent life sentences. We reverse because the State failed to meet its burden of proving that Milbry violated his community control.
Condition 3 provided that Milbry "not change [his] residence or employment or leave the county of [his] residence without first procuring the consent of [his] officer." Regarding this condition, the community control officer testified that he went to where Milbry said he would be living and spoke with Milbry's sister. The officer testified that the sister told him that Milbry was not staying with her at that time. The sister did not testify at the hearing. "While hearsay testimony is admissible in a revocation hearing, Couch v. State, 341 So.2d 285, 286 (Fla. 2d DCA 1977), a court cannot revoke probation based solely on hearsay. Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988)." Brown v. State, 659 So.2d 1260, 1261-62 (Fla. 4th DCA 1995). Because there was no other evidence to support the alleged violation of condition 3, the State failed to meet its burden of establishing a willful violation. See Garcia v. State, 701 So.2d 607, 608 (Fla. 2d DCA 1997).
Condition 8 provided that Milbry "work diligently at a lawful occupation, advise [his] employer of [his] community control status, and support any dependents to the best of [his] ability as directed by [his] officer." The State presented absolutely no testimony at *836 the hearing in support of this alleged violation.
Accordingly, the order of revocation and sentences imposed are reversed and the cause is remanded to the trial court with directions to restore Milbry to his community control status.
Reversed and remanded.
PATTERSON, A.C.J., and CASANUEVA, J., Concur.