777 So.2d 1067 (2001)
Bruce MUTHRA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1374.
District Court of Appeal of Florida, Third District.
January 17, 2001.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, Michael Neimand and Richard L. Polin, Assistant Attorneys General, and Ana Cristina Lloyd, Certified Legal Intern, for appellee.
Before GODERICH, and SORONDO, JJ., and NESBITT, Senior Judge.
PER CURIAM.
The defendant, Bruce Muthra, appeals from an order revoking his probation for failing to pay restitution and perform community service hours. We reverse.
The defendant pled guilty to one count of grand theft of a motor vehicle and to two counts of resisting an officer. The defendant's sentence was withheld, and he was placed on probation with certain special conditions. Specifically, the probation order provided that the defendant "will make restitution to the victim ... in the amount of $1,200.00" and "complete 100 hours community service." The order, however, did not impose a schedule for the performance of these special conditions. Approximately three months prior to the expiration of the probationary period, the defendant was charged with violating his probation by failing to make restitution to the victim and failing to perform the community service hours.
At the probation violation hearing, the testimony showed that the defendant had paid $10 in restitution and had not completed any of the community service hours. Moreover, the evidence showed that the defendant was incarcerated on unrelated charges during the last three months of his probationary period. The trial court revoked the defendant's probation finding that he had willfully failed to pay restitution and perform the community service hours. The defendant was later sentenced within the guidelines.
Based on the evidence presented, we agree with the defendant that the trial court abused its discretion by finding the defendant violated his probation because the probation order did not impose a schedule for the performance of the special conditions and where at the time that the defendant was charged with violating his probation, there was more than sufficient time remaining in the probationary period *1068 for the performance of the special conditions. See Gamble v. State, 737 So.2d 1160 (Fla. 1st DCA 1999); Melecio v. State, 662 So.2d 408 (Fla. 1st DCA 1995); Green v. State, 620 So.2d 1126 (Fla. 1st DCA 1993). Moreover, we also agree with the defendant that a violation, if any, cannot be deemed willful where he was unable to comply with the special conditions due to his incarceration on unrelated charges during the last three months of the probationary period.[1]See Baker v. State, 760 So.2d 1115 (Fla. 4th DCA 2000); Frazier v. State, 587 So.2d 660 (Fla. 3d DCA 1991).
Although we must reverse the order under review, we note that this situation could have been avoided if the probation order had imposed a schedule for the payment of the restitution and the completion of the community service hours.
Reversed.
NOTES
[1] The defendant was acquitted of the charges that led to his incarceration.