932 So.2d 306 (2006)
Larry B. BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1005.
District Court of Appeal of Florida, Second District.
January 20, 2006.
James Marion Moorman, Public Defender, and Lisa Lott, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Larry Butler appeals the trial court's revocation of his probation based on three new offenses  possession of cocaine, felony battery, and tampering with a witness. We affirm the revocation of probation based on felony battery and tampering with a witness; however, we reverse the revocation order as to the finding of a violation based on possession of cocaine because the State presented no evidence to support it.
At the evidentiary hearing in the trial court, a police officer testified that he arrested Butler after responding to a domestic battery call. After the arrest, a back-up officer searched Butler and located a glass crack pipe in the pocket of the pants Butler was wearing but denied owning. The officer who testified at the hearing could not recall what the laboratory *307 test results on the crack pipe were. No evidence was introduced to show the presence of drug residue on the pipe, nor were any drugs found on Butler at the time of his arrest. We are therefore compelled to reverse and remand for the trial court to strike its finding of a new offense based on cocaine possession.
However, we find no error in the trial court's finding that Butler violated his probation based on the new offenses of battery and tampering with a witness. Because these remaining violations of probation are substantial, we affirm the revocation of probation based on the remaining violations. See Mitchell v. State, 871 So.2d 1040, 1042 (Fla. 2d DCA 2004) (recognizing that when an appellate court reverses a violation of community control, it need not remand for reconsideration of the revocation when the remaining violations are substantial).
Affirmed in part, reversed in part, and remanded.
FULMER, C.J., and ALTENBERND, J., Concur.