923 So.2d 1219 (2006)
Macdroleya FRANCOIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-628.
District Court of Appeal of Florida, Third District.
March 22, 2006.
*1220 Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Maria T. Armas, Assistant Attorney General, for appellee.
Before GERSTEN, GREEN, and SUAREZ, JJ.
SUAREZ, J.
The defendant appeals the trial court's order revoking his probation. We affirm the revocation and remand with instructions.
In 1999, the defendant entered a guilty plea to burglary and grand theft and was placed on eighteen months of probation with special conditions that he perform community service, make restitution, and pay court costs. In April, 2000, an affidavit of violation of probation was filed claiming that the defendant violated his probation by committing the new crimes of burglary and resisting an officer without violence, failing to make restitution and pay court costs, and failing to perform community service hours. At the violation of probation hearing, the defendant admitted to the technical violations of failure to pay restitution and costs, and failure to perform community service hours. The trial court entered a modification order extending the probation by one year and adding fifty hours of community service. The trial court stated on the record, but not in its written order, that it was requiring the defendant to make restitution in twelve equal payments. In November, 2000, a second violation of probation affidavit was filed stating defendant had once again violated probation. This time, he allegedly committed a sexual battery, failed to make restitution and pay costs, and failed to perform community service hours. The trial court took testimony and found, by a preponderance of the evidence, that the defendant had violated his probation on all three grounds alleged. The trial court revoked the defendant's probation and imposed a prison sentence.
The defendant presently claims that the trial court erred in finding that he violated probation by failing to make restitution, pay court costs, and perform community service. The defendant claims that he had time to complete these requirements before the expiration of his probation.
For a trial court to revoke probation based on a violation of a condition of probation, the State must establish by a preponderance of the evidence that the defendant's violation was willful and substantial. Willfulness may be proven by circumstantial evidence. A trial court's ruling on a violation of probation is reviewed for abuse of discretion. See Hanania v. State, 855 So.2d 92 (Fla. 2d DCA 2003).
The defendant does not dispute the trial court's finding that he violated probation based on his committing a sexual battery during his probationary period. This *1221 charge alone provides a sufficient basis to revoke probation. See Santiago v. State, 889 So.2d 200 (Fla. 4th DCA 2004) (holding that the defendant's arrest for resisting arrest without violence, by itself, was sufficient to sustain probation revocation); see also Butler v. State, ___ So.2d ___, 2006 WL 141482 (Fla. 2d DCA case no. 2D05-1005, opinion filed, January 20, 2006) [31 FLW D255] (affirming probation revocation based on the defendant's commission of the new offenses of battery and tampering with a witness where those violations were substantial).
We find that the trial court did not err in finding that the defendant violated his probation by failing to make restitution payments. The trial court had put on the record during the first violation of probation hearing that restitution was to be made in twelve equal monthly installments. The trial court's oral pronouncement is binding and controls even though it failed to include the language of equal monthly installments in its written order. Catalan v. State, 911 So.2d 203 (Fla. 3d DCA 2005) (where there is a difference between the court's oral pronouncement and written order, the oral pronouncement controls). The defendant admitted at the revocation hearing that he had not paid any court costs or restitution as ordered. Therefore, the trial court did not abuse its discretion in revoking probation on this ground.
The third basis for revocation of probation was the defendant's failure to complete community service hours. The probation order did not contain a schedule or time frame for completing community service. At the time of his arrest on the sexual battery charge, the defendant still had nine months remaining on probation. This would have been sufficient time in which to complete his community service obligation. Therefore, the trial court erred in revoking probation on that basis. Muthra v. State, 777 So.2d 1067 (Fla. 3d DCA 2001) (reversing probation revocation where the probation order did not impose a schedule for performing the special conditions of restitution and community service, and there was more than sufficient time remaining in the probationary period to perform the special conditions). However, we affirm the revocation of probation because this error had no effect on the revocation in this case as it is clear from the record that the trial court would have revoked probation based on the defendant's commission of sexual battery alone. See McDonald v. State, 409 So.2d 224 (Fla. 1st DCA 1982) (remanding for correction of a harmless clerical error finding the defendant violated a condition that had been dismissed, but affirming the revocation because two other violations provided the trial court sufficient basis for the revocation); compare Eubanks v. State, 903 So.2d 1005 (Fla. 2d DCA 2005) (affirming revocation in part, reversing revocation as to two of the three grounds, and remanding where it was unclear whether the trial court would have revoked probation based solely on the one remaining ground).
We affirm the order revoking the defendant's probation based on his failure to pay restitution and commission of a new offense. We remand with instructions to delete from the order the finding of violation of probation for failure to perform community service.
Affirmed and remanded for the correction of the probation revocation order in accordance with this opinion.