982 So.2d 1 (2008)
Cornelius Gabriel CRAWFORD a/k/a Cee Devine, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-963.
District Court of Appeal of Florida, Second District.
February 22, 2008.
*2 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Cornelius Crawford appeals from the revocation of his community control and the resulting sentence of five years in prison. We affirm the revocation of Crawford's community control and his sentence, but we remand for entry of a corrected order of revocation.
Crawford was serving a term of community control on a conviction for possession of cocaine. The State filed an affidavit of violation of community control alleging that Crawford had violated his community control by changing his residence without permission (condition 3), failing to remain confined to his approved residence (condition 13), and committing new law violations (condition 5). After considering the evidence presented at the revocation hearing, the trial court revoked Crawford's community control, finding that he had violated all three conditions. The trial court sentenced Crawford to five years in prison.
Our review of the record shows that the only evidence presented by the State to establish that Crawford had violated condition 3 was his community control officer's hearsay testimony that Crawford's sister told him that Crawford was no longer living with her at his approved residence. This hearsay testimony, standing alone, is legally insufficient to support the revocation of Crawford's community control. See Milbry v. State, 722 So.2d 834 (Fla. 2d DCA 1998) (reversing revocation of probation based solely on probation officer's hearsay testimony that Milbry's sister told him that Milbry was no longer living with her in his approved residence). Accordingly, the trial court's finding that Crawford violated condition 3 of his community control cannot stand.
*3 However, we find no error in the trial court's finding that Crawford violated conditions 5 and 13 of his community control and that these violations were both willful and substantial. Accordingly, we affirm the revocation of Crawford's community control based on these two violations. See Butler v. State, 932 So.2d 306, 307 (Fla. 2d DCA 2006) (affirming the revocation of Butler's probation despite finding one ground for revocation unsupported by the evidence because the remaining violations were substantial); Mitchell v. State, 871 So.2d 1040, 1042 (Fla. 2d DCA 2004) (same). However, we remand this case for entry of a corrected order of revocation that omits any reference to a violation of condition 3.
Affirmed but remanded for entry of a corrected order of revocation.
STRINGER and CANADY, JJ., Concur.