WALLACE, Judge.
 

 Johnathan Mirto appeals the revocation of his community control and his resulting sentences. We affirm the judgments and sentences but remand for the circuit court to enter a written order of revocation of community control.
 

 Mr. Mirto argues that the State failed to present sufficient nonhearsay evidence to sustain the revocation of his community control. We disagree. The State presented sufficient competent, substantial evidence to support the circuit court’s findings that Mr. Mirto had violated the conditions of his community control.
 

 Mr. Mirto also argues that the circuit court erred because it did not enter a timely written order revoking his community control. We agree. “[T]he [circuit] court is required to enter a
 
 formal order
 
 of violation of [community control] that lists the specific conditions the court determined [the defendant] violated.”
 
 Cato v. State,
 
 845 So.2d 250, 251 (Fla. 2d DCA 2003). On March 26, 2009, Mr. Mirto filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2) that sought a written order revoking his community control. The circuit court granted Mr. Mirto’s motion on July 8, 2009, and rendered a written order revoking his community control on the same date. However, this order of revocation is a nullity because it was not filed within sixty days of the filing of the motion.
 
 See Whitmore v. State,
 
 910 So.2d 308, 308 (Fla. 2d DCA 2005) (finding that an order granting a rule 3.800(b)(2) motion was a nullity because it was filed sixty-two days after the filing of the motion). Thus the circuit court failed to enter a written order of revocation.
 

 Accordingly, we affirm Mr. Mirto’s judgments and sentences but remand for the circuit court to enter a formal order of
 
 *805
 
 revocation of community control.
 
 See Cato,
 
 845 So.2d at 251.
 

 Affirmed and remanded with directions.
 

 NORTHCUTT and CRENSHAW, JJ„ concur.