ROTHENBERG, J.
The appellant, E.J., entered a plea of nolo contendere and an adjudication of delinquency was withheld on June 24, 2008, to burglary in Case No. J07-4252(B), grand theft in Case No. J07-7628, burglary of an unoccupied structure as a lesser included offense of burglary of a dwelling in Case No. J07-7611(C), grand theft of a firearm in Case No. J07-7473(A), criminal mischief in Case No. J07-7390(C), and bur *350 glary of an unoccupied structure as a lesser included offense of burglary of a dwelling in Case No. J07-7474(B). Based upon E.J.’s plea, the State nolle prossed numerous other counts including armed burglary (punishable by up to life in prison), and he was placed on probation.
On or about October 29, 2008, a probation affidavit was filed, alleging that E.J. violated his probation by: failing to reside in the home of his mother; violating his curfew; failing to attend school; and failing to appear for his scheduled intake at the Dade Marine Institute. The trial court conducted a probation violation hearing and found that the State proved by a preponderance of the evidence each of the violations alleged in the affidavit, and adjudicated E.J. delinquent. Although we conclude that the trial court erred in finding that E.J. violated his probation for failing to reside with his mother or to attend school, we affirm the remainder of the order under review and the finding that E.J. willfully violated his probation by failing to abide by his curfew and appear for his scheduled intake at the Dade Marine Institute.
A review of the orders placing E.J. on probation reflects that E.J. was not advised that as a condition of his probation he must live with his mother or regularly attend school. The probation order specifies that E.J. live and reside in the home of “parent(s).” E.J. testified that he lived and resided with his father when he did not live with or reside with his mother. Because his testimony was unrefuted and the probation order did not require that he live with and reside in only his mother’s home, we conclude that the trial court erred when it included this ground as one of the conditions of probation E.J. violated.
Likewise, while the probation order specifically lists attending school every day as a condition of probation, this condition, unlike many of the other listed conditions of probation contained in the order, was not checked off, thereby inferring that the trial court did not intend to make school attendance a condition of E.J.’s probation. We recognize that general conditions of probation explicitly authorized or mandated by Florida Statutes need not be orally pronounced at sentencing. See State v. Hart, 668 So.2d 589, 592 (Fla.1996) (stating that “ ‘general conditions’ of probation are those contained within the statutes ... [and] may be imposed and included in a written order of probation even if not orally pronounced at sentencing”); D.P.B. v. State, 877 So.2d 770, 772 (Fla. 4th DCA 2004) (holding that so long as a condition of probation is explicitly authorized or mandated by Florida Statutes, it is not mandatory that the trial court orally advise the defendant of the condition). However, where, as here, a juvenile probationer is given a form order of probation and some of the conditions are checked off and others are not, we conclude it was unclear, at best, that the probationer was being required to comply with the unchecked conditions.
Although we conclude that the trial court erred by finding that E.J. violated his probation by failing to reside in his mother’s home and by not regularly attending school, we affirm the portion of the trial court’s order finding that E.J. willfully violated his probation by failing to comply with his curfew and by failing to attend the scheduled intake appointment for the Dade Marine Institute. E.J.’s probation officer testified that he personally visited the Dade Marine Institute and determined that E.J. never appeared for his intake as ordered and E.J. admitted under oath at the probation violation hearing that he did not appear for his intake or attend the Dade Marine Institute. E.J.’s probation officer additionally testified that ac *351 cording to E.J.’s mother, E.J. violated his curfew on four occasions.
Because E.J.’s remaining violations were not based solely on hearsay, see Crawford v. State, 982 So.2d 1, 2 (Fla. 2d DCA 2008) (reversing the trial court’s order finding the defendant in violation of his probation based solely on hearsay testimony), and these violations were proven by a preponderance of the evidence, we affirm the findings by the trial court as to those violations. See E.P. v. State, 901 So.2d 193, 195 (Fla. 4th DCA 2005) (holding that the State need only establish a violation by a preponderance of the evidence); Wilson v. State, 781 So.2d 1185, 1187 (Fla. 5th DCA 2001) (noting that whether a violation of probation is willful and substantial is a factual issue that cannot be overturned on appeal unless there is no evidence to support it); Alvarez v. State, 638 So.2d 992, 993 (Fla. 3d DCA 1994) (affirming the revocation of the defendant’s probation for failing to attend her first probation appointment and making no attempt thereafter to schedule a meeting with her probation officer).
Because failure to report to the Dade Marine Institute is a substantial violation of E.J.’s probation, and this violation alone is sufficient to sustain a revocation of his probation, remand for reconsideration by the trial court is not required. See Matos v. State, 956 So.2d 1240, 1240 (Fla. 4th DCA 2007) (affirming revocation of community control after striking some of the violations but finding other violations were supported by the evidence); Butler v. State, 932 So.2d 306, 307 (Fla. 2d DCA 2006) (recognizing that when an appellate court reverses on a finding regarding one of the conditions of community control, remand is not required if the remaining violation or violations are substantial); Rawlins v. State, 711 So.2d 137, 137 (Fla. 5th DCA 1998) (finding unexcused absences from a treatment program, standing alone, may constitute a material violation); Johnson v. State, 667 So.2d 475, 475 (Fla. 3d DCA 1996) (finding that the defendant’s failure to attend G.E.D. classes, standing alone, was sufficient to revoke his probation).
In conclusion, because there are other substantial violations remaining, and they are supported by competent substantial evidence, we affirm the trial court’s order revoking E.J.’s probation.
Affirmed.