WHATLEY, Judge.
Clyde Mathis appeals an order revoking his probation and his resulting sentence of thirty-five years in prison followed by five years of probation. The trial court revoked Mathis’s probation after finding that he violated condition five of his probation by committing a burglary and that he violated condition six by associating with persons engaged in criminal activity. We affirm the revocation of probation order because there was sufficient, competent evidence in the record to support the trial court’s finding that Mathis associated with persons engaged in criminal activity. However, we conclude that the trial court abused its discretion in finding that Mathis committed a burglary and remand the ease for the trial court to strike its finding regarding the violation of condition five. See Miffin v. State, 19 So.3d 377, 378 (Fla. 2d DCA 2009) (“We review a trial court’s revocation of probation under an abuse of discretion standard.”).[1]
The trial court found that Mathis violated condition five by committing the offense of burglary as a principal on June 2, 2008. “[I]n order to be a principal in a crime, one must have a conscious intent that the crime be done and must do some act or say some word which was intended to and does incite, cause, encourage, assist, or advise another person to actually commit the crime.” L.J.S. v. State, 909 So.2d 951, 952 (Fla. 2d DCA 2005); see also § 777.011, Fla. Stat. (2008) (defining principal as a person who “commits any criminal offense against the state, ... or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed”). A person cannot be convicted under the principal theory where the “evidence does not exclude the reasonable inference that the defendant had no knowledge of the crime until it actually occurred, and thus that he did not intend to assist in its commission.” J.H. v. State, 370 So.2d 1219, 1220 (Fla. 3d DCA 1979).
As noted in Smith v. State, 502 So.2d 77, 78 (Fla. 3d DCA 1987), and A.Y.G. v. State, 414 So.2d 1158, 1159 (Fla. 3d DCA 1982), evidence is insufficient to establish the requisite intent under the principal theory where the appellant is present at the scene of a burglary and, at the direction of the perpetrator of the burglary, drives the getaway car, because such evidence does not exclude the reasonable inference that the appellant did not know about the crime until after it had occurred.
Here, the State was required to prove by the greater weight of the evidence that Mathis committed the burglary. See Miffin, 19 So.3d at 378. The only evidence of Mathis’s involvement in the burglary on June 2, 2008, were his statements to Detective John Berard. Mathis stated that he unlocked the sliding glass door at the back of his residence and let his wife’s nephews, Chris and Courtney, into the residence. Chris and Courtney had on backpacks when they entered the residence. The most incriminating statement Mathis made to Detective Berard was that he “was accessory to it because I let them come through the back door and jump the fence and stuff like that.” However, there was no evidence that Mathis knew Chris and Courtney were going to *1252 commit a burglary that day or that he intended that they commit the burglary. See Smith, 502 So.2d at 78 (holding that appellant’s probation was improperly revoked based on the finding that he committed burglary and robbery where the evidence did not exclude the reasonable inference that he did not know about the robbery until after it occurred, noting that a person cannot be convicted of a “substantive offense based on evidence which proves involvement only as an accessory after the fact”).
The State argued that Mathis knew Chris and Courtney were committing burglaries when he let them in the residence because he knew that they were involved in a previous burglary involving a shotgun. We do not agree with the State that this evidence established Mathis knew Chris and Courtney had committed a burglary when he opened the sliding glass door for them on June 2, as the previous offense occurred about two weeks prior to the burglary at issue, there was no evidence that the two burglaries were connected, and there was no evidence that Mathis was aware of any other burglaries committed by Chris and Courtney. Because there was no evidence showing that Mathis had knowledge of the burglary on June 2 until after it had occurred or that he intended to assist in the commission of the crime, the trial court abused its discretion in finding him guilty under a principal theory. See J.H., 370 So.2d at 1220.
However, there was sufficient, competent evidence to support the trial court’s finding that Mathis violated probation condition six by associating with people engaged in criminal activity. Accordingly, we affirm the revocation of Mathis’s probation based on his violation of probation condition six because this violation was sufficient to revoke probation, see Green v. State, 19 So.3d 449 (Fla. 2d DCA 2009), but we remand for the trial court to strike its finding as to the violation of probation condition five.
It is not clear whether the trial court would have imposed the same sentence based solely on the violation of condition six. Accordingly, we vacate Mathis’s sentence and remand for reconsideration of the sentence. On remand, the trial court may impose the same sentence or exercise its discretion to impose a reduced sentence. See Johnson v. State, 890 So.2d 490, 493 (Fla. 5th DCA 2004); Smith v. State, 705 So.2d 1033, 1034 (Fla. 3d DCA 1998).
Affirmed in part, reversed in part, and remanded with directions.
SILBERMAN and MORRIS, JJ., Concur.

. There is no merit to Mathis’s claim that he is entitled to a new probation hearing because portions of the transcript of his taped interview with a detective are unintelligible, as he has not identified how he is prejudiced by the omitted portions of the interview. See Jones v. State, 923 So.2d 486, 489 (Fla.2006).