CRENSHAW, Judge.
Nathan Davis appeals his judgment and sentences for burglary of a conveyance with a battery while armed with a firearm and robbery with a firearm. We affirm Davis’s judgment and sentences without comment. However, we conclude that the trial court was divested of its jurisdiction to enter a nunc pro tunc order adjudicating Davis competent to proceed at trial because the trial court entered the order after Davis filed his notice of appeal.
“The law is well established that, once an appeal is filed, the trial court loses jurisdiction with regard to the matter which is the subject of the appeal.” Pace v. State, 919 So.2d 545, 546 (Fla. 5th DCA 2005). The trial court was therefore divested of jurisdiction to cure any deficiencies or omissions, and the nunc pro tunc order is a nullity. See Dragomirecky v. Town of Ponce Inlet, 891 So.2d 633, 634 (Fla. 5th DCA 2005) (“[A]n order entered without jurisdiction is a nullity, and cannot be considered harmless error.”). Nonetheless, it is clear from the record that Davis was competent at the time of trial. Accordingly, once the trial court obtains jurisdiction on remand, it is directed to enter a nunc pro tunc order adjudicating Davis competent to proceed at trial. See Mason v. State, 489 So.2d 734, 737 (Fla.1986) (determining that “no per se rule exists in Florida forbidding a nunc pro tunc competency determination regardless of the surrounding circumstances”).
Affirmed and remanded with directions.
SILBERMAN, C.J., and LaROSE, J., Concur.