# Third District Court of Appeal

### State of Florida

Opinion filed March 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-1794
Lower Tribunal No. 07-43268
_____

**Jamal Thomas,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Thomas Rebull, Judge.

Law Offices of Andrew Rier, and Daniel Tibbitt, for appellant.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for appellee.

Before WELLS, SALTER and LOGUE, JJ.

WELLS, Judge.

Jamal Thomas appeals from the revocation of his probation for failing to complete community service hours pursuant to the terms of a plea agreement and for committing the new offense of aggravated battery during a jailhouse fight while in custody on unrelated charges.[1] We agree it was error to revoke probation for failure to complete community service hours because this basis was not alleged in the affidavit of violation of probation, see Johnson v. State, 899 So. 2d 436, 438 (Fla. 4th DCA 2005) ("The trial court abused its discretion and violated Johnson's due process rights by revoking her probation for a charge not alleged in the affidavit."), and because his failure was not willful because he was unable to complete his service while incarcerated on the unrelated charges. See Muthra v. State, 777 So. 2d 1067, 1608 (Fla. 3d DCA 2001) (finding that the defendant's failure to complete community service hours "cannot be deemed willful where he was unable to comply with the special conditions due to his incarceration on unrelated charges during the last three months of the probationary period").

We nevertheless affirm the revocation of his probation for committing the new offense of aggravated battery. See Haygood v. State, 687 So. 2d 318, 319 (Fla. 4th DCA 1997) (affirming revocation of probation where the record was clear that the trial court would have still revoked probation solely on the proper violations of community control).

---

[1] The unrelated charges, which were the original basis for revoking Thomas' probation, were ultimately nolle prossed by the State.

The State concedes that the trial court erred by failing to enter a written order revoking Thomas' probation. See Forbes v. State, 127 So. 3d 826 (Fla. 4th DCA 2013). We therefore remand for entry of a written order that conforms with the trial court's oral pronouncement only as to Thomas' willful and substantial violation of his probation for committing the new offense of aggravated battery.