NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STATE OF FLORIDA,          )
                                     )
         Appellant,       )
                                     )
v.                         )      Case No. 2D14-2235
                                     )
KAYLESHA B. BRANNIC,    )
                                     )
        Appellee.        )
                                     )

Opinion filed May 8, 2015.

Appeal from the Circuit Court for Manatee
County; John F. Lakin, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bilal A. Faruqui, Assistant
Attorney General, Tampa, for Appellant.

Andrea Flynn Mogensen of Law Office of
Andrea Flynn Mogensen, P.A., Sarasota,
for Appellee.


CRENSHAW, Judge.

        The State of Florida appeals an order dismissing a charge of principal to

robbery with a firearm against Kaylesha Brannic.[1]  On appeal, the State argues that the

---

      [1]We have jurisdiction.  See § 924.07(1)(a), Fla. Stat. (2013); Fla. R. App.
P. 9.140(c)(1)(A).

court wrongly granted Brannic's motion to dismiss on the basis that the State failed to allege that Brannic participated in the crime or committed some act qualifying for a charge as a principal. Because the court erred in granting the motion to dismiss based on the facts adduced in the pleadings and agreed to at the hearing, we reverse and remand for further proceedings.

Brannic was the alleged getaway driver during her boyfriend and his friend's robbery with a firearm of a 7-Eleven. Around 12:30 in the morning, a detective conducted surveillance across the street from a 7-Eleven because of several recent 7-Eleven robberies. The detective observed a vehicle going toward the 7-Eleven on a side street. She further observed that, before the vehicle reached the 7-Eleven, it came to a stop, its headlights were turned off, and it began to reverse, backing into a driveway. At that point, the detective observed two men in dark attire and with covered faces move stealthily toward the 7-Eleven and enter it. She then saw the same two men exit the store and flee toward the vehicle. After calling in a robbery, the detective drove closer to the vehicle. The vehicle's lights then came on and it was driven away in a slow, calm manner. The detective followed the vehicle and, when additional deputies arrived in the area, the vehicle sped up. The vehicle stopped when it reached a dead end and the two men the detective had seen earlier fled. The driver, who was subsequently identified as Brannic, remained in the vehicle. Law enforcement then activated their lights and sirens and took Brannic into custody.

Brannic participated in a videotaped interview with law enforcement and made post-Miranda[2] statements. In her interview, she first stated that she drove alone

_____

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

to her boyfriend's house, got lost, and backed into the wrong driveway. She claimed that two robbers then jumped into her car, put a gun to her head, told her where to drive and turn, and told her to drive "with sense." She then reversed course and admitted that she drove her boyfriend and his friend to the 7-Eleven. She stated that her boyfriend directed her to park behind the 7-Eleven and told her to wait for the two men to return. Moments later, she observed them, dressed in all black, run back to the vehicle while her boyfriend's friend was carrying a gun and a bag. The two jumped into the vehicle and told her to go. The unknown man gave her boyfriend the gun. In her interview, Brannic admitted that she had been with her boyfriend prior to the robbery.

Brannic filed both a motion to dismiss based on Florida Rule of Criminal Procedure 3.190(c)(4) and a motion to suppress the statements that she had made to police. The State filed a traverse which responded to the (c)(4) motion. The court held a hearing, ostensibly on the motion to suppress; however, at the hearing the trial court considered the motion to dismiss. At the hearing Brannic accepted the additional facts in the traverse for the purpose of the motion to dismiss. At that time, Brannic's statements were before the court.[3]

"When moving to dismiss under [rule 3.190(c)(4)], a defendant has the burden to allege that the material facts of the case are undisputed, describe what the material facts are, and demonstrate that the undisputed facts . . . (1) fail to establish a

_____

[3]After the motion to dismiss was granted, by written order, the State filed its notice of appeal. Later, the trial court considered Brannic's motion to suppress and entered an order granting that motion. The parties agree that the trial court lacked jurisdiction to enter the suppression order after this appeal was initiated. Therefore, the order is a nullity. See Davis v. State, 93 So. 3d 409, 410 (Fla. 2d DCA 2012) (citing Dragomirecky v. Town of Ponce Inlet, 891 So. 2d 633, 634 (Fla. 5th DCA 2005)).

prima facie case . . . ." State v. Burrell, 819 So. 2d 181, 181-82 (Fla. 2d DCA 2002) (citing State v. Reese, 774 So. 2d 948 (Fla. 5th DCA 2001)).

The parties do not dispute that the State could establish a prima facie case that robbery occurred, but rather the dispute turns on Brannic's involvement in the robbery. Brannic therefore has the burden to show that the State could not establish her liability under a principal theory: specifically that Brannic had a conscious intent that the robbery be done and did some act which was intended to assist the other people in committing it. See § 777.011, Fla. Stat. (2013); Fla. Std. Jury Instr. Crim. 3.5(a); Mathis v. State, 51 So. 3d 1250, 1251 (Fla. 2d DCA 2011).

We are cognizant that based on the facts currently in our record much of the case against Brannic is based on inference. But that is of no moment because the inferences must be drawn in the State's favor. See State v. Jaramillo, 951 So. 2d 97, 98-99 (Fla. 2d DCA 2007). In the early stages of the case, discovery may not even be complete: it is entirely normal to gap-fill with inferences until further evidence is adduced. Cf. State v. Lopez, 974 So. 2d 340, 349 (Fla. 2008) ("Often discovery depositions are taken for the purpose of uncovering other evidence or revealing other witnesses."). In this case, Brannic's boyfriend and his companion were seen entering a 7-Eleven after midnight and were seen leaving in all black with a gun and a bag, and Brannic asserted two "robbers" entered her car. There is no dispute that a robbery occurred in this case. And from Brannic's driving the men to the location, waiting behind the store at the boyfriend's direction, seeing the armed men with a bag dressed all in black return to the car after midnight, and her inconsistent statements to the police, it

- 4 -

can be inferred that she had a conscious intent the robbery occur and that she assisted with that robbery.

Further, Brannic's initial statements that the two robbers jumped into the car, gave her directions at gunpoint, and told her to drive "with sense," undercut any argument that the evidence only reflected post-crime conduct insufficient for a principal theory. Her first statements, which also served to undermine her credibility, reflect that she was involved from the get-go. Not only do the contradictory statements reflect pre-crime behavior, but they also reflect her "intent that the crime be done" because one can infer that she was covering up her own or the others' misdeeds. See Mathis, 51 So. 3d at 1251.

Simply put, for the court to have granted the motion to dismiss at this stage, Brannic would have had to establish that "no prima facie case exists upon the facts set forth in detail in the motion." Dixon v. State, 112 So. 3d 721, 723 (Fla. 2d DCA 2013) (internal quotation marks omitted). However, the facts adduced above establish a prima facie case of principal to robbery, and we therefore conclude that the motion to dismiss should have been denied. Accordingly, we reverse and remand for further proceedings.

Reversed.

ALTENBERND and SILBERMAN, JJ., Concur.