# Third District Court of Appeal

**State of Florida**

Opinion filed July 22, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2457
Lower Tribunal Nos. 10-14896 & 10-3812

_____

**Terence Keith Gray,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Andrew Rier and Daniel Tibbitt, for appellant.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.

Before WELLS, LAGOA, and LOGUE, JJ.

LAGOA, J.

Terence Keith Gray ("Gray") appeals from the revocation of his probation and the thirteen-year sentence imposed upon revocation. We affirm the revocation in part, reverse in part, vacate the sentence, and remand for resentencing.

Gray pled guilty to several charges in case number F10-3812 and case number F10-14896, and the trial court sentenced him to six years of probation in each case, to run concurrently. The State subsequently filed affidavits of violation of probation in both cases; the final third amended affidavit in each case alleged that Gray violated probation by committing the new offenses of aggravated battery and possession of marijuana.[1] After a hearing, the trial court found that Gray willfully and substantially violated probation for committing the offense of aggravated battery as alleged in the affidavits. The trial court also based the revocation on a finding that Gray committed the offense of sexual battery upon a child less than twelve years of age.[2] The sentences imposed in case number F10-3812 and case number F10-14896 totaled thirteen years in prison. Gray appealed.

As to the trial court's finding that Gray willfully violated probation by committing the new offense of aggravated battery, we find no abuse of discretion. We, however, reverse the probation revocation to the extent that the trial court found that Gray violated probation by also committing the sexual battery offense. The final third amended affidavit filed by the State in each case did not allege that Gray violated probation by committing the sexual battery offense. As the State properly concedes, because the affidavits did not allege a violation of probation for

---

[1] The affidavits alleged that Gray violated probation condition 5—he failed to live and remain at liberty without violating any law.

[2] The aggravated battery charge stemmed from a jailhouse fight. The State subsequently *nolle prossed* the aggravated battery and the sexual battery charges.

2

that offense, the trial court erred in revoking Gray's probation based on that additional ground. See Thomas v. State, 159 So. 3d 937 (Fla. 3d DCA 2015) (holding that it was error to revoke probation when the basis for the violation was not alleged in the violation of probation affidavit); Osteen v. State, 147 So. 3d 678, 679 (Fla. 1st DCA 2014) ("It is well settled that the revocation of probation based upon a violation not alleged in the charging document is a deprivation of the right to due process of law.").

Nonetheless, we affirm the revocation of probation based solely on the aggravated battery, which is a substantial violation sufficient to support the revocation. See Thomas, 159 So. 3d at 938 (affirming revocation on remaining valid ground of committing new offense of aggravated battery); McDoughall v. State, 133 So. 3d 1097, 1100 (Fla. 4th DCA 2014) (affirming revocation based on single violation where it is clear that trial court would have revoked probation even absent improper ground); see also E.J. v. State, 29 So. 3d 348, 351 (Fla. 3d DCA 2010). Here, the trial court's finding that Gray violated his probation by committing the aggravated battery offense was supported by competent, substantial evidence.

We agree, however, with the State's concession that the trial court must resentence Gray as the record is not clear whether the trial court would have imposed the same sentence based solely on the aggravated battery offense, the remaining violation. See Matthews v. State, 897 So. 2d 523, 525 (Fla. 3d DCA

3

2005) (holding that defendant must be resentenced because it was unclear whether the trial court would have imposed the same sentence absent the most serious charges for violation of probation); McDoughall, 133 So. 3d at 1100 (remanding to resentence defendant because it was unclear whether trial court would have imposed same sentence for single remaining new law violation); see also Mathis v. State, 51 So. 3d 1250, 1252 (Fla. 2d DCA 2011). Accordingly, we vacate Gray's sentence and remand for resentencing. On remand, the trial court shall also enter a written order revoking Gray's probation solely for committing the aggravated battery offense.

Affirmed in part, reversed in part, sentence vacated, and remanded for resentencing.