# Third District Court of Appeal

## State of Florida

Opinion filed August 12, 2015
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-866
Lower Tribunal Nos. 02-8956 & 10-24093

_____

**Revenel Francique,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Carlos J. Martinez, Public Defender, and Brian L. Ellison, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.


Before WELLS, ROTHENBERG, and LOGUE, JJ.

LOGUE, J.

The defendant, Revenel Francique, seeks review of the trial court's revocation of probation. The defendant pled guilty to armed robbery and was ordered to serve a probation term of fifteen years commencing on April 13, 2011. In July 2011, however, the defendant was again arrested for new offenses of grand theft, armed robbery, and burglary with assault while armed, all of which involved a singular victim. The defendant was alleged, by amended affidavit of probation violation, to have 1) failed to pay the costs of supervision, as required by his probation, and 2) to have committed the July 2011 offenses. The trial court found him in violation of his probation and sentenced him to forty years in prison.

The trial court's ruling on a revocation of probation is reviewed for abuse of discretion. State v. Carter, 835 So. 2d 259, 262 (Fla. 2002); Harris v. State, 898 So. 2d 1126, 1127 (Fla. 3d DCA 2005). Although the trial court did not abuse its discretion by revoking the defendant's probation, we must nevertheless reverse, in part, and remand.

First, the trial court issued an oral pronouncement of the probation revocation, but did not issue a written probation order. The State properly and commendably concedes that this Court should remand for the trial court to enter a formal revocation order. See Thomas v. State, 159 So. 3d 937, 938 (Fla. 3d DCA 2015); Burt v. State, 931 So. 2d 1005, 1006 (Fla. 3d DCA 2006) ("[W]e reverse the trial court to the extent that it must prepare a written order on the [community

2

control] violations on remand."); <u>Mirto v. State</u>, 24 So. 3d 803, 804-05 (Fla. 2d DCA 2010) (affirming the defendant's judgments and sentences, but "remand[ing] for the circuit court to enter a formal order of revocation of community control").

Second, based upon the trial court's oral pronouncement, it is unclear whether the probation revocation was based, at least in part, on the defendant's breach of his plea agreement by failing to attend his weekly meeting with Officer Croye on the date of the robbery. The failure to meet with Officer Croye was not charged in the probation revocation affidavit, and as such, could not constitute a basis for probation revocation. <u>See</u> <u>Thomas</u>, 159 So. 3d at 937-38 (Fla. 3d DCA 2015); <u>Johnson v. State</u>, 899 So. 2d 436, 438 (Fla. 4th DCA 2005). The plea agreement provided for prison time in the event it was breached and that prison time may be considered by the trial court during sentencing. However, because of its absence from the affidavit, the act of breaching the plea agreement for failure to meet with Officer Croye could not itself serve as a violation of probation. We trust that when the written order is entered on remand, the failure to meet with Officer Croye will not be included as a basis for revocation of probation.

Although the trial court erred by not entering a written order, we nevertheless conclude that the trial court properly found that the defendant committed the offenses which properly form a basis for the revocation of probation. There is substantial competent evidence supporting the court's finding.

3

Although the victim was unable to identify the defendant at the probation violation hearing two years after the robbery, she had previously identified him out of a photographic line-up and, while acknowledging that she could not presently identify him because so much time had passed, she specified that she was certain of his identity at the time she picked him out of the line-up. Additionally, Officer Croye recognized the defendant from a surveillance video which captured him entering and leaving the store in question at the time of the robbery. It was Officer Croye's recognition which led him to be included in the line-up.[1] Lastly, the vehicle described by the victim matched the vehicle used by the defendant to travel to the police station when meeting with Officer Croye after the robbery, and before the defendant knew he was a suspect.[2]

Given that there were substantial violations of probation, as properly found by the trial court, we affirm the violation of probation. See Gray v. State, 40 Fla. L. Weekly D1700 (Fla. 3d DCA July 22, 2015); Thomas, 159 So. 3d at 938; E.J. v. State, 29 So. 3d 348, 351 (Fla. 3d DCA 2010); see also McDoughall v. State, 133 So. 3d 1097, 1100 (Fla. 4th DCA 2014) ("Despite the trial court's errors, we affirm the revocation of [defendant's] probation. A trial court is authorized to revoke probation based on a single violation of probation alone."). Accordingly, we affirm

---

[1] The officer had known the defendant for approximately twenty years and had used him as an informant.

[2] The officer had asked the defendant to come to the police station.

the revocation of probation, reverse to the extent the violation of probation was based upon the defendant's failure to meet with Officer Croye, and remand for entry of a written order of violation of probation consistent with this opinion and resentencing.

Affirmed in part, reversed in part, and remanded with instructions.