# Third District Court of Appeal
## State of Florida

Opinion filed January 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0868
Lower Tribunal No. F19-4844
_____

**German Otero-Rosario,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before SCALES, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, German Otero-Rosario, seeks review of a judgment and sentence rendered following a probation violation hearing. The error alleged is three-fold: (1) the trial court failed to conduct an adequate Nelson[1] inquiry prior to allowing him to represent himself; (2) the State failed to offer competent, substantial evidence of a willful violation of probation; and (3) remand is necessary for the entry of a written probation revocation order. Concluding the inquiry was adequate because the complaints concerning the attorney of record were "generalized grievances," and Otero-Rosario "never made a request for replacement of counsel with another court-appointed counsel, which is the fundamental prerequisite of a Nelson inquiry," instead insisting on self-representation, we reject the first ground. Augsberger v. State, 655 So. 2d 1202, 1204–05 (Fla. 2d DCA 1995); see also Tucker v. State, 754 So. 2d 89, 92–93 (Fla. 2d DCA 2000); Branch v. State, 685 So. 2d 1250, 1252 (Fla. 1996). Further, upon the record before us, the trial court was within its discretion in determining that Otero-Rosario's actions in failing to appear for his court-ordered mental health evaluation did "not portray some inept attempt to comply" but rather constituted "willful ignorance." Williams v. State, 324 So. 3d 614, 616–17 (Fla. 1st DCA 2021);

---

[1] Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).

see also Whitehead v. State, 22 So. 3d 846, 847–48 (Fla. 4th DCA 2009) ("A trial court is authorized to revoke probation based on a single violation of probation alone . . . ."); Gray v. State, 170 So. 3d 890, 892 (Fla. 3d DCA 2015) (same). As the State commendably concedes, however, we are constrained to remand with instructions to the trial court to enter a written probation revocation order. That order shall not revoke probation for the third count of the information, as Otero-Rosario was not on probation for that count. See McBurrows v. State, 336 So. 3d 766, 766 (Fla. 3d DCA 2021); Robinson v. State, 74 So. 3d 570, 572 (Fla. 4th DCA 2011).

Affirmed in part and remanded with instructions.