730 So.2d 349 (1999)
Loryvette JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2492.
District Court of Appeal of Florida, Fourth District.
March 17, 1999.
*350 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
We reverse an order revoking appellant's probation because the evidence was insufficient to demonstrate a willful and substantial violation.
Appellant, Loryvette Jones, was initially charged by information with armed burglary of a dwelling, grand theft, and battery. Thereafter, appellant agreed to cooperate with law enforcement in clearing up several other burglaries in the area. As a result, she admitted to seven other burglaries and was ultimately charged with eight separate informations.
Appellant appeared before the trial court and was initially declared incompetent to stand trial. She was released to her mother on the conditions that she reside with her mother, that she participate in an adults with disabilities program, that she be evaluated by the Henderson Clinic, a mental health facility, and that HRS be contacted for possible placement in an adult group home. The judge ordered that experts evaluate Jones to determine her competency and to determine whether Jones met the definition of being mentally retarded under Florida Statutes. Jones was thereafter found to be competent to stand trial.
Jones pled guilty to the charges and the trial court entered a downward departure sentence, sentencing Jones to ten years probation on the burglary charges and to concurrent five year terms of probation on the grand theft charges. Each order of probation stated that Jones must not change the place where she lives or works without first obtaining the consent of her probation officer.
In April of 1998, appellant was charged with violation of probation by changing her residence without first obtaining the consent of her probation officer and with committing a misdemeanor battery.[1]
In this case, it is uncontradicted that Jones did not obtain permission from her probation officer prior to moving her residence. However, at the final violation of probation hearing, Jones testified that she was given three days' notice to move due to a leak in the bathroom from the upstairs apartment. She claimed that she first slept in her car for three days because she did not want to violate her probation. On the day of her arrest on the battery charge, Jones claimed that she attempted to call her probation officer and left a message with the officer of the day. Once in jail, she contacted her probation officer to let her know that she had been arrested and of her change in her address.
Jones maintains that not only was her change in circumstances involuntary due to the leak in the upstairs apartment, but, that she made reasonable efforts to comply with *351 the condition of probation by attempting to contact the probation department to leave a message with the officer of the day and by calling her probation officer from jail.
Jones' probation officer testified that since she had been supervising Jones, Jones had moved on two prior occasions and had obtained the appropriate consent prior to each move. The officer testified that had Jones advised her of the situation, she would have written down the new location and later verified the address.
Probation may be revoked only upon a showing that the probationer deliberately and willfully violated one or more conditions of probation. See Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992); Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978). A violation which triggers a revocation of probation must be both willful and substantial. See Steiner, 604 So.2d at 1267. The state has the burden of proving by the greater weight of the evidence that the violation was willful and substantial. See id.; Molina v. State, 520 So.2d 320 (Fla. 2d DCA 1988). Where a probationer has made reasonable efforts to comply with the terms of probation, his or her failure to do so has been held not to be willful. See Van Wagner v. State, 677 So.2d 314 (Fla. 1st DCA 1996); Thorpe v. State, 642 So.2d 629 (Fla. 1st DCA 1994); Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980). Appellate courts should only reverse a revocation of probation if it is shown that the trial court abused its discretion. See Bernhardt v. State, 288 So.2d 490 (Fla.1974)(The evidence upon which to predicate a revocation introduced at the hearing must be sufficient to satisfy the conscience of the court that a condition of probation has been violated.).
In Garcia v. State, 701 So.2d 607 (Fla. 2d DCA 1997), the Second District held that a violation of probation will not be found where the violation is due to negligence or ineptitude. In this case, under the totality of the circumstances, it is clear that Jones' failure to obtain consent from her probation officer prior to her move was not a willful and deliberate act.
Based on the foregoing, we reverse the order of revocation of probation and remand this case to the trial court with directions to reinstate appellant's probation.
Reversed and remanded with directions.
POLEN and KLEIN, JJ., concur.
NOTES
[1] The battery charge is of no consequence to this appeal as appellant was found not guilty of the charge.