SHAHOOD, J.
We reverse appellant’s adjudication for resisting an officer without violence because the initial stop of appellant was not lawful.
The elements of resisting an officer without violence require that (1) the officer be engaged in the lawful execution of a legal duty and (2) the defendant’s action constitute obstruction or resistance of that lawful duty. See Fripp v. State, 766 So.2d 252 (Fla. 4th DCA 2000); § 843.02, Fla.Stat. (1999). An individual may be guilty of unlawfully obstructing an officer if he flees while knowing the officer’s intent to detain him and the officer is justified in making a stop pursuant to the Stop and Frisk statute. See M.C. v. State, 450 So.2d 336 (Fla. 5th DCA 1984); see also Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994)(the crime of resisting an officer without violence cannot take place if either the officer “lacked an articu-lable well founded suspicion of criminal activity to justify the attempt to detain [the appellant] or if [the appellant] had no reason to believe that he was being detained.”)
In this case, there was an adjudicatory hearing, after which the trial court made the following findings:
I find that the Officer Tuminelli was ... out and on patrol on ... September 7, 1999. That during the time he was called out, he was called out to investigate a crime that had occurred that he was at the time in his lawful performance of his duty.... He spotted the person on trial here, ... at the time near or at the scene of where the investigation was being conducted. He noticed-he had reasonable suspicion at that time to believe that the investigation involved a stolen bicycle. Mr. Howard was on a bicycle at the time, so therefore, he had reason to believe that this was related to the crime at 1:00 in the morning in Stuart, ... there was no other testimony about any other bicycles being around there, except for this one.
Furthermore, I find from the facts that under the Stop and Frisk Statute, 901.151 that ... Officer Tuminelli encountered Mr. Howard under circumstances that reasonably indicated that the person had committed or is committing or about to commit a violation of criminal laws. He had a duty and an obligation to the citizens to investigate it and to find out what was going on.
[[Image here]]
By walking away, he was opposing or obstructing the duties of the officer who was in lawful performance of doing a ... stop and frisk pursuant to 901.151, the Stop and Frisk Statute.
Based on these findings, the trial court incorrectly concluded that the stop of appellant was justified.
The mere fact that appellant was riding his bicycle in the early morning hours a few blocks away from the scene of a bicycle theft does not give rise to a reasonable *399 suspicion that appellant had committed, was committing, or was about to commit a crime. See Mullins v. State, 366 So.2d 1162 (Fla.1978)(police officer who observed appellant riding a bicycle slowly through a residential area in the very early morning-hours had nothing more than a bare suspicion of illegal activity, and was not justified in stopping appellant); see generally Popple v. State, 626 So.2d 185, 186 (Fla.1993)(a well-founded, articulable suspicion of criminal activity, and not mere suspicion or a hunch, must support a stop); see also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Giving deference to the trial court’s finding that Officer Tuminelli initially stopped appellant to investigate a bicycle theft, we hold that the stop was not legal. Consequently, appellant could not be adjudicated for resisting or obstructing the officer in the lawful execution of a legal duty. The adjudication is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WARNER, C.J., and HAZOURI, JJ., concur.