967 So.2d 1107 (2007)
Herbert WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-980.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
*1108 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals an order revoking his probation for committing the subsequent offenses of providing a false name to law enforcement and trespass, and for failing to pay supervision and court costs. We affirm the trial court's findings in regard to the criminal offenses since they were amply supported by both hearsay and non-hearsay evidence. See Wilcox v. State, 770 So.2d 733, 736 (Fla. 4th DCA 2000) (recognizing the well-established rule that probation can be revoked upon a combination of hearsay and non-hearsay evidence). However, we reverse the findings in regard to the failure to pay the supervision and court costs since there was no evidence or findings that appellant was able to pay those fees. See Shepard v. State, 939 So.2d 311, 313 (Fla. 4th DCA 2006) (noting that the prosecution bears the burden of proving that the probationer deliberately, willfully and substantially violated a condition of probation). We reject the State's suggestion that the findings can be sustained on the basis that appellant knew he could perform community service hours in lieu of paying the costs at issue, but failed to do so. Appellant was never charged with a violation for failing to perform community service hours.
Although the criminal offenses could independently support the judge's revocation determination, the record provides too little guidance for us to determine if the trial judge would have imposed the same thirty-six-month incarceration sentence if faced with only the two violations rather than four. Thus, we reverse the order of revocation and, as a measure of caution, remand this case to the trial judge for issuance of a revocation order consistent with this decision and for reconsideration of defendant's sentencing. See Mathis v. State, 683 So.2d 634, 637 (Fla. 4th DCA 1996), receded from on other grounds by Matthews v. State, 736 So.2d 72 (Fla. 4th DCA 1999).
Affirmed.
STONE, STEVENSON and HAZOURI, JJ., concur.