995 So.2d 1123 (2008)
Monica LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-4707.
District Court of Appeal of Florida, Fourth District.
December 3, 2008.
*1124 William D. Matthewman of Seiden, Alder, Matthewman & Bloch, P.A., Coral Springs, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals an order revoking her probation, adjudicating her guilty of the underlying offense of felony petit theft, and sentencing her to three years of incarceration. She argues the trial court erred in revoking her probation by relying solely on hearsay evidence. We agree and reverse.
The defendant initially pled no contest to felony petit theft, was adjudicated guilty, and sentenced to forty-two months of probation. The State filed an affidavit of violation of probation alleging two new arrests and the submission of an untruthful report, which omitted the new arrests.
At the violation of probation hearing, the trial court admitted, over hearsay objection, the orders of supervision, a written monthly report, and an arrest affidavit that indicated the defendant had stolen merchandise valued at over $259.00 from Home Depot. The State produced only one witness, the defendant's latest probation officer.
Without personal knowledge, the probation officer deduced that the prior officer had instructed the defendant on the terms of her probation. The officer then testified that the defendant had signed the written monthly report outside of her presence. The officer also testified that she had visited the defendant at her home where the defendant told her she had not been arrested. When the defendant met with the officer in the office, she again told the officer that she "didn't break any law," but had been "in the hospital."
The officer testified that she received a probable cause affidavit showing that the defendant had been arrested. The officer checked and found out that a charge was *1125 pending against the defendant in Dade County. However, the officer explained she was not present during the arrest.
The defendant objected to the probation officer's testimony on hearsay grounds. The trial court overruled the objection, explaining that it would allow the evidence to be admitted, but could not rely solely on hearsay to find a violation. The defendant also objected to the admission of the arrest affidavit. Once again, the trial court found that it was admissible, but could not be the sole basis for finding a violation. And lastly, over the defendant's hearsay objection, the trial court admitted the orders of supervision and written monthly report as business records.
At the close of the State's case, the defendant argued that the evidence was insufficient to establish a violation since all of the evidence had been hearsay. The trial court agreed as to the allegations of the new law violations, but then found that the State proved the defendant violated her probation by not reporting the new arrests.
To justify the revocation of probation, the State must establish that a defendant "deliberately and willfully" committed a "substantial" violation of "one or more conditions of probation." Jones v. State, 730 So.2d 349, 351 (Fla. 4th DCA 1999). The State has the burden of proof. Id. We review orders revoking probation for an abuse of discretion. Id.
While a revocation can be based "upon a combination of hearsay and non-hearsay evidence," it may not be "based solely upon hearsay." J.F. v. State, 889 So.2d 130, 131-32 (Fla. 4th DCA 2004). Here, only hearsay evidence was presented to prove the defendant had been arrested for new charges. The probation officer based her testimony on supposition, the probable cause affidavit, and the court file. She had no personal knowledge of the alleged new arrest.
Information "contained in police reports is ordinarily considered hearsay and inadmissible in an adversary criminal proceeding." Burgess v. State, 831 So.2d 137, 140 (Fla.2002). Arrest affidavits are "not admissible into evidence as a public record exception to the hearsay rule." Id.; see § 90.803(8), Fla. Stat. (2007).
The trial court correctly concluded that the State had failed to adduce non-hearsay evidence sufficient to establish the alleged new law violations. See Sagner v. State, 776 So.2d 1088 (Fla. 4th DCA 2001); see also Purvis v. State, 397 So.2d 746, 747 (Fla. 5th DCA 1981). The trial court erred, however, when it found the defendant had violated probation by failing to report an alleged arrest that was not established by non-hearsay evidence.
We therefore reverse the order revoking the defendant's probation and remand the case. The remand is without prejudice to the State "again attempting to prove these violations before the expiration" of the defendant's term of probation. Keith-Schrader v. State, 891 So.2d 1217, 1218 (Fla. 2d DCA 2005) ("[R]eversal of an order revoking probation on the ground that it was based solely on hearsay does not ordinarily bar a second violation hearing based on the filing of another affidavit alleging the same violation.") (quoting Chavous v. State, 597 So.2d 943, 944 (Fla. 2d DCA 1992)).
Reversed and Remanded.
TAYLOR and HAZOURI, JJ., concur.