PER CURIAM.
 

 Appellant, Charlie Brown, appeals the trial court’s order revoking his probation in two cases and imposing a sentence of 8.125 years as a habitual offender. The trial court found that Brown willfully and substantially violated six conditions of his probation-although we are compelled to find that the state proved only two of the six violations. Because we are unable to conclude that the trial court would have revoked Brown’s probation as to the two violations actually proven, we reverse the order revoking probation and remand this case to the trial court for further proceedings.
 

 In 2003, Brown was charged with failure to register as a sex offender. In 2005, while the 2003 case was pending, he was charged with possession of heroin. Initially Brown was found to be mentally incompetent to stand trial. Subsequently, when he was found to be competent to proceed, he pled guilty to both charges and was sentenced concurrently to two years in prison followed by three years of probation. In April of 2007, a violation of probation affidavit was filed in both of the original cases alleging that Brown had violated probation by committing the two new offenses of obstruction without violence and failure of a sex offender to give notification of a change of address (counts I and II); changing his residence (on February 28, 2007) without the consent of his probation
 
 *879
 
 officer (count III); failing to report to the probation office after being instructed to report (count IV); changing his residence (on February 26, 2007) without the consent of his probation officer (count V); and failing to produce valid identification to the Department of Highway Safety and Motor Vehicles (“DHSMV”) for purposes of registration after being instructed to do so (count VI).
 
 [1]
 

 On appeal, Brown concedes that the record supports the trial court’s finding that a violation occurred by twice moving without the probation officer’s consent (counts III and V).
 

 As to counts I and II, there was scant evidence that appellant had been arrested for the new offenses, let alone that he actually committed the crimes. Although the prosecutor referred to a probable cause affidavit and said it was “self-authenticating,” no documents of any kind were ever admitted into evidence.
 
 [2]
 
 The only testimony offered by the state came from Brown’s probation officer who testified that Brown committed two new criminal acts while on probation. The probation officer’s fleeting testimony (“He committed a criminal offense without violence, failed to notify sex offender, ... ”) renders the record devoid of anything that could reasonably lead to a finding that Brown committed two new crimes while on probation. In the light most favorable to the state, the probation officer’s twelve words of testimony, offered to support counts I and II, were pure hearsay and not supported by competent, non-hearsay proof. This court has consistently held that probation cannot be revoked solely on the basis of hearsay evidence.
 
 E.C. v. State, 675
 
 So.2d 192 (Fla. 4th DCA 1996).
 

 Count IV of the third amended affidavit for violation of probation alleged that Brown failed to report as directed “as of March 7, 2007.” The probation officer’s testimony regarding this alleged violation did not establish that Brown failed to abide by the requirement. In fact, it may show the opposite. In any case, the probation officer’s testimony was convoluted, contradictory and inconclusive. The state failed to prove this allegation under any standard.
 

 As to the requirement that Brown register with the DHSMV (count VI), Brown testified that he went to the driver’s license office and was told that he needed a birth certificate in order to get a Florida identification card or otherwise register with the DHSMV. Brown’s unre-futed testimony was that he was unable to obtain a birth certificate in his home state of Georgia because the facility from which he could obtain a copy had burned down. The state offered no evidence of any nature to suggest that Brown’s failure to register or otherwise obtain a valid DHSMV identification card was willful.
 

 We reverse the violations of probation on counts I and II (commission of the two new crimes), count IV (failing to report to the probation office after being instructed to report) and count VI (failing to produce valid identification to the DHSMV for purposes of registration after being instructed to do so) because there was simply insufficient evidence to show willful and substantial violations of probation. We affirm the violations of probation on counts III and V (changing residence without first procuring consent of the probation officer). We remand for the trial court to reconsider
 
 *880
 
 Brown’s probation revocation and subsequent sentence because it is unclear whether the trial judge would have decided this matter in the same manner if faced with these two violations rather than the six as Brown was originally found to have committed.
 
 See Wilson v. State,
 
 967 So.2d 1107 (Fla. 4th DCA 2007).
 

 Reversed and remanded.
 

 GROSS, C.J., WARNER and CIKLIN, JJ., concur.
 

 [1]
 

 . There was an additional count alleging a willful failure to pay the costs of supervision which the trial court dismissed.
 

 [2]
 

 . The record indicates that three documents were marked for identification but they never became evidence.