STEVENSON, J.
 

 In December of 2007, Thadius Glover was on probation in two separate lower court cases. Affidavits of Violation of Probation (VOP) were filed in both case numbers, charging Glover with violating his probation by committing burglary of a conveyance (count I), grand theft (count II), resisting an officer without violence (count III), and by failing to complete the Bro-ward Sheriffs Office Day Reporting Reentry Division (count IV). Following a VOP hearing, the trial court found Glover guilty of the violations alleged in counts I, II, and III, revoking Glover’s probation. In this appeal, Glover contends the order revoking his probation must be reversed, arguing the evidence was insufficient to prove he committed any of the charged violations. We reject Glover’s claim that since the police did not have justification to detain him, the trial court committed fundamental error in finding that he resisted an officer without violence. As a review of the evidence will show, the record contained at least minimally sufficient factors to establish “reasonable suspicion” and justify the stop, which was not challenged at the hearing. We find merit, however, in the claims that the evidence was insufficient to establish that Glover violated his probation by committing the crimes of burglary of a conveyance and grand theft, and write to address these issues.
 

 The evidence at the VOP hearing established that, at about 5:15 or 5:30 a.m., on December 2, 2007, Jim Jackson came downstairs for a drink of water and, through his front window, saw a man on a bicycle, circling in front of his next-door neighbor’s home. Jackson saw two other men in the back of his across-the-street neighbor’s Cadillac Escalade. Jackson observed the two men exit the Escalade and go to his next-door neighbor’s car. The dome light of the next-door neighbor’s car went on. Jackson phoned his next-door neighbor, Tim Schiavone, and police. Jackson admitted he did not see the men actually take anything. As for the identity of the men, Jackson testified he could not identify them, apart from the fact that they were black. Before police arrived, the men fled, heading toward A1A.
 

 At approximately 5:37 a.m., police received a call regarding “several” subjects breaking into cars “around A1A and 16th Place.” After being at the scene “briefly,” the officers observed four black males “crossing over a concrete wall on A1A from the 1600 block.” According to the officers, one of the men was on a bicycle. The officers, who were in uniform, testified that they identified themselves as police officers and ordered the group of men to stop. Instead, the group fled. Three of the men were taken into custody approximately a block away. Tim Schiavone’s cell phone was found on one of the three. Items belonging to two other individuals, including Jason Cooper, were also found on the men.
 

 A perimeter was set up and a K-9 unit was called. Glover was found on a roof
 
 *888
 
 top. On the roof police also found a calculator, a digital camera and ease, a GPS, a garage door opener, a baggie of change, and a Blockbuster card belonging to Jason Cooper. All of these items were wrapped in a white t-shirt. One of the officers testified that Cooper had reported being robbed earlier that day. There was no testimony regarding to whom the other items belonged.
 

 The defendant admitted being instructed on the conditions of his probation, including the condition that he not commit any new criminal offenses. The defendant testified he had purchased the items found on the roof from one of the men police saw him with. He denied being in possession of the Blockbuster card. When asked about his reason for being about at 5:30 a.m., the defendant testified that he had worked until 10 p.m. the previous evening and had missed the bus. He explained that he only went up on the roof because police were chasing him and had released a dog.
 

 To establish a violation of probation, the State need only prove its case by the greater weight of the evidence.
 
 See Russell v. State,
 
 982 So.2d 642, 646 (Fla.),
 
 cert. denied,
 
 - U.S. -, 129 S.Ct. 272, 172 L.Ed.2d 201 (2008). As for the resisting an officer in the lawful performance of his duty charge, the trial court did not commit fundamental error in finding that Glover committed this offense because the record demonstrates the order to stop was lawful. In short, the evidence revealed that, in the early morning hours, a witness observed three black men, one of whom was on a bicycle, entering his neighbors’ cars. Very shortly thereafter, perhaps as little as ten to fifteen minutes, police observed a group of four black men, one of whom was on a bicycle, going away from the area and crossing over a wall of a nearby block. We believe that the close temporal and geographical factors present, time of day, similar group size, and the distinguishing feature that the small group of pedestrians included one man on a bicycle, justified the police’s actions in attempting to briefly detain the individuals to conduct an investigatory stop.
 
 See, e.g., King v. State, 17
 
 So.3d 728, 731 (Fla. 1st DCA 2009) (“A reviewing court must consider ‘[t]he totality of the circumstances ... when determining whether an officer had a reasonable suspicion of criminal activity to justify the investigatory stop.’ ” (quoting
 
 Huffman v. State,
 
 937 So.2d 202, 206 (Fla. 1st DCA 2006))).
 

 We do find, however, that the evidence here was insufficient to establish that Glover was either himself guilty of burglarizing Schiavone’s car or was guilty under a “principals” theory. Since there was testimony that the other three men were found in possession of property belonging to Schiavone very near Schiavone’s home and very shortly after a witness saw Sehiavone’s car being burglarized, there was sufficient evidence to link them to the burglary. This is not, however, the case for Glover. No witness placed Glover inside of Schiavone’s car or stated that Glover was the man riding the bicycle in the street. None of the items found in Glover’s possession belonged to Schiavone. It is tempting to speculate that the defendant was involved in burglarizing Schiavone’s car given the fact that the three men he was observed with had property belonging to Schiavone and Cooper, and the defendant had a Blockbuster card belonging to Cooper. There was, however, no actual evidence of Glover’s involvement. These same shortcomings, in addition to the fact that the State failed to present any evidence as to the value of the property taken, require a finding that the evidence was also insufficient to sustain a finding that Glover was guilty of grand theft.
 

 
 *889
 
 Having reversed two of the three grounds upon which Glover’s probation was revoked, we remand the instant case to the trial court to determine whether revocation of probation is appropriate based upon the sole remaining violation.
 
 See, e.g., Eubanks v. State,
 
 903 So.2d 1005, 1006 (Fla. 2d DCA 2005) (remanding for reconsideration of revocation of community control where “the record is unclear whether the trial court would have revoked” community control solely on remaining violation);
 
 Costanz v. State,
 
 740 So.2d 71, 72 (Fla. 4th DCA 1999) (same).
 

 Affirmed in part; Reversed in part; and Remanded.
 

 MAY and LEVINE, JJ., concur.