HAZOURI, J.
Michael Young appeals his conviction for attempted burglary of a structure and resisting an officer without violence. We reverse the conviction for attempted burglary of a structure. We affirm the conviction for resisting an officer without violence and remand for resentencing.
Young and his co-defendant, Ernest Harold Remor, were charged with attempted burglary of a structure and resisting an officer without violence. In addition, Re-mor was charged with possession of burglary tools. The facts surrounding this incident are outlined in this court’s decision in Remor v. State, 991 So.2d 957 (Fla. 4th DCA 2008).
In Remor, this court found that the trial court erred in failing to grant Remor a judgment of acquittal on the charge of attempted burglary of a structure and possession of burglary tools. Writing for the court, Judge Gross stated:
the state’s circumstantial evidence is insufficient to prove that Remor attempted a burglary. Appellant’s reasonable hypothesis of innocence is that his employer sent him to a hurricane zone to seek work during the clean-up process; that he was in the shopping plaza to ride out the storm when he encountered the police officer; and that he ran away from the police because the co-defendant [Young] ran. His claims are supported in part by the testimony of his employer. *1132 No physical evidence connected Remor to the two boards removed from the store window. There was no evidence as to when the boards were removed. His car was parked 300 yards away. Remor’s flight from the police is equivocal, since a plausible explanation is that the flight inferred consciousness of a curfew violation, and not a guilty mind over an attempted burglary.
Id. at 960-61.
As stated above, the facts and circumstances leading to the arrest and charge of Young are identical to the facts outlined in Remor. We are therefore compelled to reverse the conviction for attempted burglary of a structure and direct the trial court on remand for the entry of a judgment of acquittal on that charge.
As to the charge of resisting an officer without violence, we conclude, as this court did in Remor, that the police had reasonable suspicion to stop and detain Young because he was in violation of a hurricane related curfew near a commercial area. As noted in Remor, 991 So.2d at 962:
“An individual may be guilty of unlawfully obstructing an officer if he flees while knowing the officer’s intent to detain him and the officer is justified in stopping and detaining him.” Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001); see also H.H. v. State, 775 So.2d 397 (Fla. 4th DCA 2000); J.R.P. v. State, 942 So.2d 452, 453-54 (Fla. 2d DCA 2006); V.L. v. State, 790 So.2d 1140 (Fla. 5th DCA 2001); S.G.K. v. State, 657 So.2d 1246 (Fla. 1st DCA 1995).
We, therefore, reverse the conviction for attempted burglary of a structure and remand for the entry of a judgment of acquittal. We affirm the conviction of resisting arrest without violence and remand for resentencing.

Affirmed in Part; Reversed in Part and Remanded.

TAYLOR, J., and BEACH, MARCIA, Associate Judge, concur.