DAMOORGIAN, J.
Garry Whitehead appeals the revocation of his probation and argues that the trial court impermissibly relied solely on hearsay. We disagree. A trial court is authorized to revoke probation based on a *848 single violation of probation alone, and the State alleged nine violations of probation. We conclude that the trial court erred by relying on three of the alleged violations in choosing to revoke Whitehead’s probation and in sentencing. We find insufficient evidence in the record to support these alleged violations. As to the three unsupported violations, we reverse. However, the remaining six violations of probation were supported by evidence otherwise admissible in a criminal proceeding. As to the remaining six violations, we affirm. We remand for the trial court to reconsider Whitehead’s sentence without the three unsupported violations and to correct the record to remove the unsupported violations.
First, we reverse as to the following three counts because there is no admissible evidence in the record to support the necessary elements of the alleged crimes. Count I alleged that Whitehead burglarized a dwelling; however, there is no evidence in the record to show that Whitehead actually entered the dwelling. Count III alleged that Whitehead obstructed with violence; however, there is no evidence in the record to show that Whitehead acted violently or threatened to do violence. Count V alleged sexual battery of a child under twelve years old; however, there is no evidence in the record to show that Whitehead penetrated or made union with the mouth, anus, or vagina of the alleged victim.
Next, we address the remaining six counts. Hearsay is admissible in probation revocation hearings, but the hearsay must be supported by non-hearsay evidence for a court to revoke probation. Russell v. State, 982 So.2d 642, 646 (Fla.2008). “[P]robation can be revoked on the basis of hearsay inadmissible at a criminal trial in combination with evidence admissible as an exception to the hearsay rule.” Wilcox v. State, 770 So.2d 733, 736 (Fla. 4th DCA 2000); Thomas v. State, 711 So.2d 96, 97 (Fla. 4th DCA 1998). The State is only required to prove a violation of probation under a “greater weight of the evidence” standard. Anderson v. State, 711 So.2d 106, 108 (Fla. 4th DCA 1998).
We agree with the trial court that the State satisfied its burden to prove the violations by the greater weight of the evidence. We write only to highlight that in the record there was either non-hearsay evidence or evidence that fell within a hearsay exception to support the court’s revocation of probation. Count II alleged possession of burglary tools and was supported by the non-hearsay testimony of the officer who apprehended Whitehead. Count IV alleged obstructing without violence and was supported by the non-hearsay testimony of the officer whom Whitehead obstructed. Count VI alleged burglary with assault or battery and was supported by physical evidence that demonstrated that Whitehead had entered the residence of another and committed a battery. Count VIII alleged burglary based on a separate incident and was also supported by physical evidence that demonstrated that Whitehead was in the residence of another.
Count VII alleged sexual battery and Count IX alleged simple battery for acts arising from a single criminal episode; these allegations were supported by testimony of the nurse who treated the victim. The treating nurse’s testimony regarding the victim’s statements as to how the victim’s injury occurred was admissible under the hearsay exception for statements made for the purpose of medical diagnosis or treatment. § 90.803(4), Fla. Stat. (2008). Pursuant to our holdings in Wilcox and Thomas, testimony that falls under a hear *849 say exception satisfies the requirement that hearsay must be supported by evidence that is otherwise admissible in a criminal proceeding to justify the revocation of probation.
Therefore, we reverse to the extent that the trial court relied on Counts I, III, and V to revoke Whitehead’s probation. We affirm to the extent that the trial court relied on Counts II, IV, VI, VII, VIII, and IX to revoke Whitehead’s probation. We remand to allow the trial court to consider the sentence imposed based upon the six supported violations. The trial court can choose to leave the sentence in place, but must correct the order revoking probation to remove the three unsupported violations.

Affirmed in part; Reversed in part and Remanded.

MAY and CIKLIN, JJ., concur.