STEVENSON, J.
 

 In this
 
 Anders
 
 appeal, we review the revocation of Tyrone Davis’s probation and the resulting five-year prison sentence. The trial court revoked Davis’s probation and imposed this sentence after finding him guilty of two violations of probation. As we find that the evidence was sufficient to establish only one of the alleged violations, we reverse and remand for further proceedings.
 

 
 *748
 
 As a registered sex offender, Tyrone Davis was required to report a change of address. In October of 2005, he failed to do so and was charged with a substantive criminal offense. Davis entered a no contest plea to the charge and was placed on probation. Davis twice violated that probation and was returned to community control and then probation. In May
 
 of
 
 2008, a third affidavit of violation of probation was filed. This time, it was alleged that Davis violated his probation by committing an aggravated battery (count I), by failing to comply with his curfew as evidenced by his GPS monitor (count II), and by tampering with a witness to the aggravated battery (count III). The State declined to proceed on the tampering with a witness charge. Following a VOP hearing, the trial court found Davis guilty of the remaining offenses, revoked his probation, and sentenced him to five years incarceration.
 

 Having reviewed the record, we find no abuse of discretion in the trial court’s finding that Davis willfully and substantially violated his probation by committing an aggravated battery.
 
 See State v. Carter,
 
 835 So.2d 259, 262 (Fla.2002) (holding that trial court’s decision to revoke probation is reviewed for an abuse of discretion). The same cannot be said of the alleged curfew violation.
 

 Upon Davis’s first violation of probation, he was sentenced to six months of community control to be followed by the probationary sentence previously imposed. As a special condition, the trial court imposed a 10 p.m. to 6 a.m. curfew; the order does not specify, however, whether the curfew condition was limited to the six months of community control or whether it continued into the probationary sentence that followed. Subsequent orders imposing, removing, and re-imposing a GPS monitoring condition, pursuant to the Jessica Lunsford Act, make no reference to the curfew. Davis acknowledged being instructed on the curfew condition, but testified that he understood the curfew applied only during the six months of community control, which had expired by the time of the alleged curfew violation. According to Davis, he was actually told by Probation Officer Andre Thornton that the curfew condition had been removed. The State presented no evidence to contradict this version of events. The evidence was thus insufficient to establish a willful violation of the curfew condition.
 
 See Ubiles v. State,
 
 23 So.3d 1288, 1290-91 (Fla. 4th DCA 2010) (“ ‘To revoke probation, the conscience of the court must be satisfied that the State proved by a greater weight of the evidence that, under the totality of the circumstances, the probationer deliberately, willfully, and substantially violated a condition of his or her probation.’ ” (quoting
 
 Shepard v. State,
 
 939 So.2d 311, 313 (Fla. 4th DCA 2006))).
 
 [1]
 

 Based upon the record before this court, it is not clear whether the trial court would have revoked Davis’s probation and imposed the five-year, statutory maximum penalty based solely upon the remaining violation. We thus reverse the order ap
 
 *749
 
 pealed and remand this case so that the trial court may reconsider the matter.
 
 See, e.g., Ubiles,
 
 23 So.3d at 1292;
 
 Glover v. State,
 
 17 So.3d 886, 889 (Fla. 4th DCA 2009);
 
 Foggy v. State,
 
 837 So.2d 570, 571 (Fla. 4th DCA 2003). We remind the trial court that a written order of revocation, specifying the conditions violated, is required.
 
 See, e.g., Moncrieffe v. State,
 
 17 So.3d 850, 851 (Fla. 4th DCA 2009).
 

 Reversed and Remanded.
 

 WARNER and POLEN, JJ., concur.
 

 [1]
 

 . In his pro se brief, Davis seeks to avoid a revocation of probation based upon his curfew violation by arguing that the curfew condition is itself illegal. The legality of the curfew condition is not a matter that can be challenged in this direct appeal from the order revoking Davis's probation.
 
 See
 
 § 924.06(2), Fla. Stat. ("An appeal of an order revoking probation may review only proceedings after the order of probation.”);
 
 Matthews v. State,
 
 736 So.2d 72, 74 (Fla. 4th DCA 1999) (en banc) ("LA] probationer, who has accepted the conditions of his or her probation, is not permitted to challenge one of the conditions of probation after probation has been revoked for a violation of that condition.”).