DAMOORGIAN, C.J.
John McDoughall appeals the revocation of his probation and the resulting judgment and sentence in his underlying criminal case. We affirm the revocation of McDoughall’s probation but remand for the trial court to enter a written revocation order and resentence McDoughall based solely on the remaining law violation.
McDoughall was placed on three-years probation for possession of oxycodone and marijuana. One of the conditions of probation was that McDoughall not commit any new crimes. While on probation, McDoughall was pulled over for a traffic violation. As a result of what occurred during the traffic stop, McDoughall was charged with: (1) possession of a weapon/ammunition by a felon; (2) trafficking hydromorphone; (3) trafficking oxycodone; (4) possession of alprazolam; (5) driving with a suspended license; (6) possession of Ritalin; and (7) possession of methadone.
At the violation of probation (“VOP”) hearing, the trial court heard testimony from the officers who performed the traffic stop. The officer who initiated the stop discovered that McDoughall’s license was suspended and that he was on felony probation for opiate possession. A second officer (“responding officer”) arrived on the scene and placed McDoughall under arrest for violating his probation by driving with a suspended license. Before the vehicle was towed, the responding officer conducted a vehicle inventory, which revealed “approximately 150 pills ... of different prescription medications” in the center console. The responding officer testified that she did not personally test the pills but that she contacted Poison Control and sent the pills to the lab to confirm that they were oxycodone. The state introduced the following testimony to identify the pills:
State: Did you end up weighing [the pills] before you took them in?
Officer: I weighed the oxycodone. I am going to refer to my report because I did weigh some of the pills.
[[Image here]]
Officer: Yes. From my report, the small blue circular pills ... and the small[er] light blue circular pills ... were oxycodone ....
Defense: For the record, I’m going to object to-I know it is admissible, but as to the classification of the drugs as hearsay.
Court: I don’t think it is hearsay at this point. She has already testified that she weighed the oxycodone. I didn’t hear any objection from you, so at this *1099 point it is in evidence that it is oxy. Let’s proceed.
During closing argument, McDoughall argued that the state failed to prove that the pills seized from his vehicle tested positive for the charged substances. The trial court rejected this argument, noting that the responding officer identified the pills as oxycodone and that the hearsay objection to the identification came too late. Moreover, the trial court emphasized that there was a sufficient basis to find a VOP based on the license suspension charge. At the conclusion of the hearing, the trial court orally found that McDoug-hall materially and substantially violated his probation by failing to live without violating the law and by possessing drugs or narcotics without a prescription. The trial court adjudicated McDoughall guilty of the underlying criminal charges and imposed concurrent five-year state prison sentences.
On appeal, McDoughall argues that the trial court erred in finding a VOP based on the new law violations for drug possession and trafficking (condition 5) and possession of drugs or narcotics without a prescription (condition 7) because the only evidence identifying the pills as oxycodone was hearsay. We agree.
Hearsay is admissible at a revocation of probation hearing. Russell v. State, 982 So.2d 642, 646 (Fla.2008). However, “[t]he law is clear that a person’s probation cannot be revoked solely on the basis of hearsay evidence.” Hall v. State, 744 So.2d 517, 520 (Fla. 3d DCA 1999). The hearsay must be corroborated by non-hearsay. J.F. v. State, 889 So.2d 130, 131—32 (Fla. 4th DCA 2004).
In this case, the responding officer testified that the pills she found in the center console of the vehicle were oxyco-done. This identification was solely based on the information contained in the lab report and the call to Poison Control, and thus was hearsay. The lab report was not admitted into evidence and the state did not introduce testimony from the lab technician, or any other individual who was qualified to identify the pills as oxycodone. Accordingly, the responding officer’s uncorroborated hearsay testimony was not sufficient evidence to support the court’s revocation of McDoughall’s probation based on the new charges for drug possession and trafficking. See Forbes v. State, 38 So.3d 232, 233-34 (Fla. 3d DCA 2010); see also Lewis v. State, 995 So.2d 1123, 1124-25 (Fla. 4th DCA 2008). Because we find that the evidence was insufficient to prove that the pills were illegal substances, we also sustain McDoughall’s challenges to the trial court’s finding that he violated condition 7 by possessing drugs or narcotics without a prescription.
We reject the State’s argument that McDoughall failed to object to the introduction of the responding officer’s testimony and thus failed to preserve the issue for appellate review. The trial court found that McDoughall’s hearsay objection was made too late because the responding officer testified that she “weighed the oxy-codone” two questions before the objection was made. This was error.
“[A] probationer need not object to every bit of hearsay introduced by the state during [a VOP] hearing in order to ultimately argue that there is insufficient non-hearsay evidence to justify a revocation of probation.” Hall, 744 So.2d at 520 n. 4. A challenge to the sufficiency of the state’s non-hearsay evidence is preserved so long as it is raised at the revocation of probation hearing. Cf. Lacey v. State, 831 So.2d 1267, 1268 (Fla. 4th DCA 2002) (appellant’s argument that the VOP was based exclusively on hearsay testimony *1100 was not preserved because the argument was not raised with the trial court).
Here, McDoughall objected to the identification of the pills as oxycodone during the responding officer’s direct examination — albeit, two questions after she testified that she “weighed the oxycodone.” Furthermore, McDoughall renewed his objection to the evidence as hearsay during closing argument and argued that there was no evidence, other than the responding officer’s hearsay testimony, that the pills found in the vehicle tested positive for the charged substances. Accordingly, the issue was properly preserved for appellate review.
Despite the trial court’s errors, we affirm the revocation of McDoughall’s probation. “A trial court is authorized to revoke probation based on a single violation of probation alone.” Whitehead v. State, 22 So.3d 846, 847-48 (Fla. 4th DCA 2009). As the Second District articulated in Lee v. State, 67 So.3d 1199 (Fla. 2d DCA 2011):
When a trial court relies on both proper and improper grounds for revocation but it is clear from the record that the trial court would have revoked probation even without the existence of improper grounds, this court and others have affirmed the revocation of probation and remanded for entry of a corrected revocation order. Only when this court cannot determine from the record whether the trial court would have revoked the defendant’s probation based solely on the proper grounds will this court reverse and remand for reconsideration by the trial court.
Id. at 1201-02 (citations omitted).
Here, the trial court’s finding that McDoughall violated his probation by committing the new offense of driving with a suspended license was supported by competent substantial evidence. Thus, there were proper grounds for revocation presented at the hearing.
While it is clear from the record that the trial court would have revoked McDoug-hall’s probation based solely on the new charge for driving with a suspended license, it is not clear whether the court would have imposed the same sentence if this were the only basis for revoking probation. McDoughall correctly points out that the trial court failed to enter a written order specifying the condition of probation that was violated. We agree. See Robinson v. State, 74 So.3d 570, 572 (Fla. 4th DCA 2011) (affirming the trial court’s order revoking the defendant’s probation but remanding the case with directions to enter a formal written order).
Accordingly, we affirm the revocation of McDoughall’s probation, but remand for the trial court to enter a revocation order based solely on the new law violation for driving with a suspended license. We likewise remand for the trial court to reconsider the defendant’s sentence. See Wilson v. State, 967 So.2d 1107, 1108 (Fla. 4th DCA 2007) (remanding the case for the trial court to reconsider the defendant’s sentence because the record provided “too little guidance ... to determine if the trial judge would have imposed the same ... sentence if faced with only [some of the] violations”).

Affirmed in part, Reversed in part and Remanded with instructions.

GROSS and TAYLOR, JJ., concur.