DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID EUGENE SHERROD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2955

[April 15, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Michael C. Heisey, Judge; L.T. Case No. 472014CF000277A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant David Sherrod appeals an order revoking his probation for committing the subsequent offenses of: 1) possession and sale of cocaine within 1,000 feet of a park on August 29, 2017; 2) possession of cocaine and resisting an officer without violence on November 6, 2017; and 3) failure to pay both the costs of supervision and court costs. We agree with Appellant that this case should be remanded to correct the order revoking Appellant's probation. We reverse the finding that Appellant violated his probation by committing the crimes alleged to have occurred on November 6, 2017, because, as conceded by the State, no evidence of these crimes was presented at the revocation hearing. We also reverse the findings regarding Appellant's failure to pay the supervision and court costs since the trial court failed to make an express finding that Appellant had the ability to pay these fees. *See Del Valle v. State*, 80 So. 3d 999, 1011 (Fla. 2011) (holding that a trial court's failure to make an express finding of willfulness constitutes fundamental error); *Giambrone v. State*, 109 So. 3d 1279, 1280 (Fla. 1st DCA 2013).

On remand, the order revoking Appellant's probation should be amended to reflect these changes. Despite this decision, we find it unnecessary for the trial court to reconsider the revocation of probation or Appellant's sentence. *See McDoughall v. State*, 133 So. 3d 1097, 1100 (Fla. 4th DCA 2014) (explaining that an appellate court will remand for entry of a corrected order revoking probation but not require a new sentencing hearing when the record clearly demonstrates that the trial court would have imposed the same sentence relying exclusively on the permissible grounds). Here, the trial court's sentencing decision does not appear to have been influenced by the crimes alleged to have occurred on November 6, 2017 (as no evidence of these crimes was presented at the hearing), and the trial court has already resentenced Appellant pursuant to a rule 3.800(b) motion. The trial court originally imposed a sentence of eight years and later modified the sentence to the permissible maximum of seven years pursuant to the 3.800(b) motion. At the time the trial court modified Appellant's sentence, the court had discretion to impose a lesser sentence, but evidently declined to do so. Because the trial court does not appear to have considered the November 2017 transgressions during sentencing and has already revisited the length of Appellant's sentence, we find that the record clearly shows that the trial court would have imposed the same sentence based exclusively on the August 29, 2017 violations.

Accordingly, we affirm the revocation of Appellant's probation and the sentence imposed by the trial court. We remand, however, for the trial court to enter a revocation order based solely on the new law violations for the offenses occurring on August 29, 2017.

*Affirmed in part, Reversed in part, and Remanded with instructions.*

CONNER and KLINGENSMITH, JJ., concur.
FORST, J., concurs in part and dissents in part with opinion.

FORST, J., concurring in part and dissenting in part.

I respectfully dissent in part. I agree with the majority that we should remand with instructions to enter a corrected revocation order. "A trial court is authorized to revoke probation based on a single violation of probation alone." *McDoughall v. State*, 133 So. 3d 1097, 1100 (Fla. 4th DCA 2014) (quoting *Whitehead v. State*, 22 So. 3d 846, 847-48 (Fla. 4th DCA 2009)). However, as this court did in both *McDoughall* and *Whitehead*, I would also remand for a new sentencing hearing.

The revocation order on appeal contained a total of four new law

violations and two additional violations for failure to pay the costs of supervision and court costs. Consistent with this opinion, the corrected revocation order will be based exclusively on the two new law violations occurring on August 29, 2017. The other four violations will be stricken.

While the majority is correct that the trial court has already revisited the length of Appellant's sentence pursuant to his rule 3.800(b) motion, this reconsideration occurred prior to Appellant's subsequent motion for clarification of the violations found by the trial court. In Appellant's motion for clarification, he argued that insufficient evidence of the November 6, 2017 offenses was presented at the revocation hearing, and he specifically requested the trial court to clarify whether it found him to have violated probation based solely on the August 29, 2017 offenses or based on both the August 29, 2017 and November 6, 2017 offenses. In response to that motion, the trial court issued a corrected order of revocation of probation and reiterated that it found Appellant to have violated his probation based on both sets of offenses. Thus, at the time of reconsideration, the trial court still had the full litany of violations to consider.

The allegations of the November 6, 2017 offenses were similar to the offenses of August 29, 2017, as both involved possession of cocaine, and this similarity, establishing a pattern of misconduct, may have contributed to the trial court's decision to reinstate the maximum sentence of seven years. When combined with the error of finding that Appellant violated his probation by failing to pay his costs of supervision and court costs, I would remand for a new sentencing hearing in addition to requiring the trial court to enter a corrected revocation order. This court has taken similar action in the past:

> Although the criminal offenses could independently support the judge's revocation determination, the record provides too little guidance for us to determine if the trial judge would have imposed the same thirty-six-month incarceration sentence if faced with only the two violations rather than four. Thus, we reverse the order of revocation and, *as a measure of caution*, remand this case to the trial judge for issuance of a revocation order consistent with this decision and for reconsideration of defendant's sentencing.

*Wilson v. State*, 967 So. 2d 1107, 1108 (Fla. 4th DCA 2007) (emphasis added). I would exercise the same caution here.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*