DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RALPH JAIME GARCIA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2208

[December 9, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan L. Alspector, Judge; L.T. Case No. 12009394 CF10A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

ARTAU, J.

The defendant appeals from a final judgment revoking his probation and sentencing him as a violent felony offender of special concern (VFOSC), and as a habitual felony offender, to a term of imprisonment to be followed by consecutive periods of community control and probation supervision. We affirm as to all issues raised on appeal. We write only to address the defendant's issues concerning the sufficiency of the evidence to support two of the three charged violations and the erroneous inclusion of certain prior record points on his sentencing guidelines scoresheet.

First, the defendant contends the trial court reversibly erred in finding that he willfully and substantially violated two of the standard conditions of his probation by failing to timely report to his probation officer. Even if we determined that finding was in error, the trial court's unchallenged finding that the defendant violated his probation by committing the new law offense of criminal mischief required the revocation of his probation pursuant to the sentencing provisions of the VFOSC statute. *See* § 948.06(8)(e)1., 2.a., Fla. Stat. (2011) (stating that a trial court "*shall* revoke

probation and shall sentence the offender up to the statutory maximum, or longer if permitted by law" after determining both that the VFOSC "has committed *a* violation of probation" and "poses a danger to the community") (emphasis added). This court "will affirm a revocation of probation based on both proper and improper grounds only when it is clear from the record that the trial court would have revoked the defendant's probation absent the improper grounds." *Crapps v. State*, 155 So. 3d 1242, 1247 (Fla. 4th DCA 2015). Based on the single unchallenged new law violation in this case, the trial court not only would have, but was required to revoke the defendant's probation after finding that he posed a danger to the community pursuant to the VFOSC statute's requirements.

Second, the defendant argues the erroneous inclusion of certain prior record points on his guidelines scoresheet requires resentencing because it cannot be determined conclusively from the record that the trial court would have imposed the same sentence absent the erroneous inclusion of the disputed points. However, the defendant was sentenced pursuant to the habitual felony offender statute, *see generally* § 775.084(1)(a), Fla. Stat. (2011), and not the Criminal Punishment Code, *see generally* § 921.002, Fla. Stat. (2011); *see also* § 775.084(4)(h), Fla. Stat. (2011) ("A sentence imposed under this section is not subject to s. 921.002 [The Criminal Punishment Code]."), making his sentencing guidelines scoresheet legally irrelevant and any miscalculations on it harmless as a matter of law. *See, e.g.*, *Rankin v. State*, 174 So. 3d 1092, 1098–99 (Fla. 4th DCA 2015) (where a defendant is sentenced as a habitual felony offender, the sentencing guidelines scoresheet is legally irrelevant).

*Affirmed.*

LEVINE, C.J., and WARNER, J., concur.

<p style="text-align:center">*        *        *</p>

**<p style="text-align:center">Not final until disposition of timely filed motion for rehearing.</p>**