PER CURIAM.
A four-count affidavit of violation of community control was filed against appellant, Jerri Wright. After a hearing, the trial court orally found there was a willful and substantial violation. After the written sentencing order was entered, appellant filed a notice of appeal and thereafter filed in the trial court a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 8.800(b)(2). In the motion, appellant asserted that the trial court never entered a written order on the violation of community control and that there was no evidence introduced at the hearing on the fourth count which alleged her failure to pay her costs of supervision. The trial court subsequently entered an order stating that the motion was denied by operation of law.
While this appeal was pending, this court relinquished jurisdiction for the trial court to enter a written order on the violation of community control. The trial court entered an Order of Violation of Community Control which made the same finding which it had orally made but did not state which conditions it found appellant had violated.
On appeal appellant argues that the trial court erred in failing to enter an order specifying which conditions it found appellant violated. We agree. When “the order of revocation fails to specify the specific violations found, it must be reversed for that reason alone.” Larangera v. State, 686 So.2d 697, 698 (Fla. 4th DCA 1996).
Appellant also asserts that the state failed to present sufficient evidence that she had violated allegations II, III and TV. In allegations II and III, the state alleged appellant violated the condition of community control that she remain confined to her approved residence during certain hours of the day. In its attempt to prove these violations, the only evidence presented by the state was hearsay in the form of two receipts in someone else’s name from two department stores which showed that someone had made purchases at a time when appellant was supposed to be at home. “Hearsay, though admissible in a probation revocation hearing, is insufficient standing alone to establish a violation of a condition of probation.” Nadeau v. State, 920 So.2d 206 (Fla. 4th DCA 2006) (quoting Wilcox v. State, 770 So.2d 733, 736 (Fla. 4th DCA 2000)). The evidence presented by the state was insufficient to support violations in allegations II and III.
With respect to allegation IV for failure to pay her costs of supervision, the record shows the state did not present any evidence of a violation. Therefore, we reverse and remand for the trial court to make specific findings on the violation of allegation I and to determine if that violation alone warrants the imposition of the same sentence.

Reversed and Remanded.

WARNER, KLEIN and HAZOURI, JJ., concur.