FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10161 |
| Plaintiff - Appellant, | D.C. No. 5:09-cr-01179-JW-1 |
| v. | |
| JOSE ELOY SILVA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Argued and Submitted March 16, 2012
San Francisco, California

Before: WALLACE and BEA, Circuit Judges, and BENNETT, District Judge.[**]

The government appeals from the district court's decision excluding evidence found by police after a warrantless search of Silva's home. We have jurisdiction under 18 U.S.C. § 3731, and we reverse.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for Northern Iowa, sitting by designation.

We review motions to suppress evidence from admission at trial *de novo*, and factual findings made at the suppression hearing for clear error. *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011). The government contends that Silva was properly subject to a search condition at the time of search, because the 2003 reinstatement of probation included the search term from the original 1997 probation order. Alternatively, the government contends that the good faith exception applies to the officers' conduct, such that the evidence should not be excluded even if obtained in violation of the Fourth Amendment.

We do not address the parties' arguments whether Silva was properly subject to a search condition as a matter of California law, because we conclude that even if Silva was not subject to a search condition, the good faith exception applies and prevents suppression of the evidence found at Silva's residence.

Whether the exclusionary rule applies here is a question of federal, not state, law. *United States v. Chavez-Vernaza*, 844 F.2d 1368, 1374 (9th Cir. 1987). The exclusionary rule's "sole purpose" is "to deter future Fourth Amendment violations." *Davis v. United States*, 131 S. Ct. 2419, 2426 (2011). Inadvertent record-keeping errors do not permit application of the exclusionary rule where there was no "systemic error or reckless disregard of constitutional requirements." *Herring v. United States*, 555 U.S. 135, 147–48 (2009). Good-faith reliance on

2

appellate court precedent that is later overruled also does not allow for exclusion. *Davis*, 131 S. Ct. at 2429. The Supreme Court's holdings in *Herring* and *Davis* compel our conclusion here that the police conduct at issue does not warrant exclusion. The police officers searched Silva's residence only after being told by a probation officer that Silva was indeed subject to a warrantless search condition. There is no evidence that the officers acted recklessly or that any possible error was systematic in any way. California law as to whether Silva was in fact subject to the condition is far from clear, and exclusion under these circumstances would provide little deterrent effect.

**REVERSED.**