DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD MARK MUSTO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3990

[September 2, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case Nos. 12009626CF10A & 12017157CF10A.

Carey Haughwout, Public Defender, and James McIntire, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellant, Richard Musto, appeals the revocation of his community control and the resulting judgment and sentence in his underlying criminal case. Musto argues that the order revoking his community control should be reversed because the trial court's revocation was based exclusively on hearsay evidence, and the order fails to list specifically the violated conditions. We affirm the revocation of Musto's community control but remand for the trial court to amend the written revocation order to include the specific conditions that were violated.

By way of background, Musto was charged with two counts of felony petit theft. After he pled no contest to both counts, Musto received a sentence of one year of community control, followed by two years of probation. As conditions to his community control, Musto was required to: (1) reside at a residential recovery program center for a term of one year and abide by all of the rules; (2) attend and successfully complete an outpatient dual diagnosis treatment program five days a week; and (3) not commit any new crimes. While on community control, Musto was charged

with violating the above mentioned conditions by failing to remain in, or successfully complete, both the residential and the outpatient program, as well as by being in possession of, and testing positive for, hydrocodone and hydromorphone.

At the community control violation hearing, the State introduced testimony from the two probation officers assigned to the case, as well as from the clinical director at the drug treatment center where Musto was to have received his outpatient drug treatment. While Musto makes a number of hearsay arguments in support of his first argument on appeal, he fails to address the following non-hearsay evidence of his actions which provides competent substantial evidence of the charged violations.

First, with regard to the possession violation, Musto admitted to using hydrocodone and hydromorphone when he tested positive for the drugs while on community control. Although Musto testified that he had prescriptions for both drugs and provided copies of these prescriptions, this testimony directly contradicted the probation officer's testimony that Musto never provided her with a prescription for either drug. Second, with regard to the outpatient program condition, the program director testified that Musto was discharged from the program for a host of reasons, including the fact that the director personally observed Musto acting inappropriately with other patients and that Musto failed to attend seven out of the seventeen sessions. Third, Musto admitted at the hearing that he failed to attend several sessions and that "It was a choice that I made and I would be penalized for it, I would be considered absent." Fourth, Musto admitted telling the program director that he was going to leave the program. Fifth, with regard to the residential program condition, Musto admitted at the hearing that he refused to change doctors and continued seeing his non-program approved doctors despite being instructed by the residential program director that he was required to see program-approved doctors only.

The foregoing direct evidence is competent substantial, non-hearsay evidence upon which the trial court properly could rely in reaching its conclusion that Musto violated the conditions of his community control. *See McDoughall v. State*, 133 So. 3d 1097, 1099 (Fla. 4th DCA 2014) (holding that although a trial court may not revoke a defendant's probation based on hearsay evidence alone, the court may do so when the hearsay evidence is corroborated by non-hearsay evidence). Accordingly, we affirm the revocation of Musto's community control.

Next, Musto argues that the trial court erred in failing to specifically list in its order revoking community control the conditions that were violated.

2

Musto further maintains that because the revocation of his community control was based exclusively on hearsay evidence, the proper remedy in this case is a reversal. The State concedes error as to the form of the order, but argues that because the trial court's findings were based on competent substantial evidence, the case should be remanded for entry of a proper order only. We agree with the State.

"If a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated." *King v. State*, 46 So. 3d 1171, 1172 (Fla. 4th DCA 2010); *see also Wright v. State*, 958 So. 2d 594, 595 (Fla. 4th DCA 2007) (same rule applies for revocation of community control). Because the order of revocation of community control in the present case does not specify the conditions that Musto violated, and because we are affirming the revocation, we remand for the trial court to amend the order to include the conditions that the court found were violated based on the evidence adduced at the revocation hearing. *See Green v. State*, 23 So. 3d 820, 821 (Fla. 4th DCA 2009) (affirming the order revoking probation, but remanding for entry of a written order of revocation specifying the violated conditions).

*Revocation affirmed, but remanded for entry of revocation order consistent with this opinion.*

GROSS and GERBER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**