DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREGORY STICKNEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D17-1004 and 17-1005

[January 9, 2019]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case Nos. 15007096CF10A and 15008079CF10A.

Carey Haughwout, Public Defender, and Jesse Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Gregory Stickney appeals his sentence for violating his probation. Stickney raises several issues on appeal, but we find merit in only two. First, the trial court erred by failing to file written findings pursuant to section 948.06(8)(e)1., Florida Statutes (2017), to support its determination that Appellant posed a danger to the community as a violent felony offender of special concern ("VFOSC"). Second, the trial court erred by failing to enter an order listing the special conditions of probation that Appellant violated. We reverse and remand as to those issues. We affirm all other issues raised on appeal without comment.

"The legality of a trial court's sentencing is reviewed de novo." *Whittaker v. State*, 223 So. 3d 270, 272 (Fla. 4th DCA 2017).

On the first issue, both parties agree that the trial court was required to enter a written order with specific findings to establish that Appellant is a danger to the community. *See* § 948.06(8)(e)1., Fla. Stat.; *Barber v.*

*State*, 207 So. 3d 379, 384 (Fla. 5th DCA 2016). The point of contention is whether the trial court must hold a new hearing.

In *Arnone v. State*, 204 So. 3d 556 (Fla. 4th DCA 2016), this court held:

> [W]here a court orally pronounces a reason, consistent with one or more of the factors listed under section 948.06(8)(e)1, for its finding that the defendant, as a violent felony offender of special concern, poses a danger to the community, but fails to provide written reasons for its finding, the proper remedy is to affirm the revocation of the defendant's probation, but remand for entry of a written order conforming to the court's oral pronouncement. *Martin v. State*, 87 So. 3d 813, 813 (Fla. 2d DCA 2012); *Bell v. State*, 150 So. 3d 1214, 1214 (Fla. 5th DCA 2014).

*Id.* at 557.

Here, the trial court orally pronounced reasons consistent with one or more factors under section 948.06(8)(e)1. Thus, while a written order conforming to the court's oral pronouncement is required, a new sentencing hearing is unnecessary.

As to the second issue, Florida law also requires a written order specifying what probation conditions were violated. *See Musto v. State*, 174 So. 3d 568, 569-70 (Fla. 4th DCA 2015). "When 'the order of revocation fails to specify the specific violations found, it must be reversed for that reason alone.'" *Wright v. State*, 958 So. 2d 594, 595 (Fla. 4th DCA 2007) (quoting *Larangera v. State*, 686 So. 2d 697, 698 (Fla. 4th DCA 1996)). But if the basis of the revocation can be verified from the hearing transcript and other court documents, the matter should be remanded for entry of an order listing the specific conditions violated. *See Robinson v. State*, 74 So. 3d 570, 572 (Fla. 4th DCA 2011). Here, it is clear from the record which conditions of probation were violated; the trial court merely failed to memorialize them in the revocation order.

Therefore, we affirm Appellant's designation as a VFOSC, but remand for the trial court to enter a proper written order conforming to his oral pronouncement without a new sentencing hearing. *See* § 948.06(8)(e)1., Fla. Stat.; *Arnone*, 204 So. 3d at 557. We also remand for entry of a written order of revocation of probation specifying the conditions appellant was found to have violated. *See Musto*, 174 So. 3d at 569-70; *Robinson*, 74 So. 3d at 572; *Wright*, 958 So. 2d at 595.

2

*Affirmed in part, reversed in part, and remanded.*

GERBER, C.J., and FORST, J., concur.

*      *      *

**_Not final until disposition of timely filed motion for rehearing._**