DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT A. MALDONADO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1909

[August 21, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 502003CF014680AXXXMB.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Robert Maldonado appeals his guilty adjudications and sentences following a revocation of probation hearing. The sole issue raised on appeal is whether the court erred when it denied his motion to suppress GPS monitoring evidence. We affirm the court's order denying the motion to suppress and the revocation of probation. But we remand for a written probation revocation order that specifies the probation provisions Maldonado violated.

### *Background*

In 2006, Maldonado was sentenced to two concurrent terms of thirteen years in prison followed by four years of sex-offender probation for his guilty pleas to sexual battery with great force and armed burglary. The probation order did not include the factual findings necessary for the court

to impose electronic monitoring under the 2006 version of section 948.30(2)(e), Florida Statutes (effective Jan. 1, 2006).[1]

When Maldonado was released from prison, a probation data entry employee marked him as requiring a GPS electronic monitor. Based on the employee's notation, a GPS monitor was placed on Maldonado even though, at the time of sentencing, a probation officer did not recommend—and the circuit court did not order—an electronic monitor as a probation condition.

After his release from prison, a violation of probation affidavit was filed alleging that Maldonado breached his probation when he violated his mandatory curfew and committed new law offenses of attempted felony murder, sexual battery, kidnapping, carjacking, home invasion robbery, possession of methamphetamine, and possession of contraband in a detention facility.

Because the court had not ordered Maldonado to wear an electronic monitor, Maldonado argued any evidence obtained from the monitor was a Fourth Amendment violation and must be suppressed. In response to Maldonado's motion to suppress, the State argued the good-faith exception to the exclusionary rule applied and should preclude exclusion.

The State called three witnesses at the hearing on the motion to suppress. A probation specialist testified that he supervised Maldonado for ten days after Maldonado's release from prison and that he reviewed the terms of the GPS monitor with Maldonado. He testified that, generally, another probation specialist and a prison employee review the relevant statute and sentencing order to determine whether an electronic monitor is required for the probationer. But, here, the probation specialist did not personally confirm that Maldonado was supposed to be on a monitor because he only had the case for a short period. He testified that he typically has a case for thirty days and reviews the file during that time. But Maldonado moved to Boca Raton only ten days after his release, and his case was assigned to a local probation officer.

After Maldonado's move to Boca Raton, a probation officer took over the case from the probation specialist. The probation officer testified that, only after Maldonado's arrest for the new offenses, he learned Maldonado

---

[1] The legislature renumbered the statute between the time of the underlying crime and the time of sentencing. *See* ch. 2004-373, § 18, Laws of Fla. But the text of the relevant subsection did not change. *Compare* § 948.03(5)(b)5., Fla. Stat. (1999), *with* § 948.30(2)(e), Fla. Stat. (effective Jan. 1, 2006).

should not have been on the electronic monitor. He testified that a Department of Corrections classification officer made the initial mistake of placing Maldonado on an electronic monitor. The classification officer believed the victim of the sexual offense was a child and, if the victim had been a child, a GPS monitor was required under section 948.30(3)(a), Florida Statutes (effective Jan. 1, 2006).

A detective with the Palm Beach County Sheriff's Office testified that he was asked to assist with an investigation of a sexual battery that occurred the prior night. He contacted the Department of Corrections to determine whether any recent sex-offender releasees in the Boca Raton area matched the description of a suspect in the sexual battery. The Department of Corrections told the detective that Maldonado was released thirty days prior to the night in question and that he was wearing an electronic monitor.

After identifying Maldonado as a suspect, the detective contacted the probation officer. The probation officer stated that Maldonado had missed his curfew the prior night, the night of the sexual assault. The probation officer also provided Maldonado's GPS coordinates at the time of the curfew violation and sexual assault.

The court denied the motion to suppress, concluding that the GPS monitor "was placed on the Defendant without a court order based on a mistake by the probation intake officer." The court also concluded that the exclusionary rule applied because law enforcement's actions "were not deliberate, reckless, or grossly negligent."

### *Analysis*

#### i. *The Circuit Court Correctly Denied Maldonado's Motion to Suppress Evidence Obtained From the Unauthorized GPS Monitor*

The sole issue in this appeal is whether the court erred when it denied Maldonado's motion to suppress evidence obtained from a GPS electronic monitor. We affirm.

The applicable statute authorized electronic monitoring of a sex-offender probationer whose crime was committed on or after October 1, 1997, "when deemed necessary by the community control or probation officer and his or her supervisor, and ordered by the court at the recommendation of the Department of Corrections." § 948.30(2)(e), Fla. Stat.; *see also Blue v. State,* 73 So. 3d 358, 360 (Fla. 4th DCA 2011).

Alternatively, for a probationer "whose crime was committed on or after September 1, 2005," and who is placed on probation "for a violation of chapter 794 . . . and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older[,]" "the court must order . . . mandatory electronic monitoring as a condition of the probation. . . ." § 948.30(3)(a), Fla. Stat.

Maldonado's underlying crimes were committed in June 2000. There is no dispute that at the time of his sentencing, the probation officer did not recommend the imposition of a GPS monitor or deem it necessary, and the court did not order the use of a GPS monitor. It is also undisputed that the Department of Corrections placed a GPS monitor on Maldonado at the start of his probation.

Maldonado argues placing a GPS monitor on him without a warrant constituted a search in violation of the Fourth Amendment. He cites *Heien v. North Carolina*, 574 U.S. 54 (2014), and *United States v. Jones*, 565 U.S. 400 (2012), to support his argument. In *Heien*, the Supreme Court held that the Fourth Amendment only permits objectively reasonable mistakes of law. 574 U.S. at 54. And in *Jones*, the Court held that law enforcement's "installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search'" under the Fourth Amendment. 565 U.S. at 404 (footnote omitted).

Here, the State concedes that the use of the monitor without a court order is a violation of the Fourth Amendment.[2] But it argues law enforcement made an objectively reasonable mistake in believing Maldonado required a monitor and any error by law enforcement was simple negligence. We agree.

Excluding the evidence recovered from an unconstitutional search is not necessarily required by the exclusionary rule. The rule's "sole purpose . . . is to deter future Fourth Amendment violations"; it is not "designed to

---

[2] We accept for purposes of this opinion the State's concession that placing the GPS monitor on Maldonado was a search in violation of the Fourth Amendment. But the fact that placing a GPS monitor on a probationer is a search does not necessarily render it a violation of the Fourth Amendment. "The Fourth Amendment prohibits only *unreasonable* searches." *Grady v. North Carolina*, 135 S. Ct. 1368, 1371 (2015) (holding North Carolina's use of GPS monitoring on a recidivist sex offender was a search but remanding to allow the North Carolina courts to determine whether the search was reasonable under the Fourth Amendment).

'redress the injury' occasioned by an unconstitutional search." *Davis v. United States*, 564 U.S. 229, 236–37 (2011) (citations omitted). Thus, "[w]here suppression fails to yield 'appreciable deterrence,' exclusion is 'clearly . . . unwarranted.'" *Id.* at 237 (omission in original) (quoting *United States v. Janis*, 428 U.S. 433, 454 (1976)).

The Supreme Court has also explained that

> [a]n error that arises from nonrecurring and attenuated negligence is thus far removed from the core concerns that led us to adopt the rule in the first place. . . . To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system. As laid out in our cases, the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence.

*Herring v. United States*, 555 U.S. 135, 144 (2009); *see also Davis*, 564 U.S. at 238.

The Supreme Court's opinion in *Arizona v. Evans*, 514 U.S. 1 (1995), is instructive. In *Evans*, a police officer "acted in reliance on a police record indicating the existence of an outstanding arrest warrant—a record that [was] later determined to be erroneous . . . ." *Id.* at 4. An officer arrested Evans based on the outstanding warrant and found marijuana after searching his car. *Id.* Officers later discovered that the warrants database of the sheriff's office had never been updated to reflect that Evans's warrant had been quashed by the court clerk. *Id.* at 5.

The trial court in *Evans* excluded evidence obtained because of the search, *id.*, and the United States Supreme Court ultimately reversed. *Id.* at 6. The Supreme Court held that "[i]f court employees were responsible for the erroneous computer record," then the good-faith exception to the exclusionary rule applied because "the exclusion of evidence at trial would not sufficiently deter future errors so as to warrant such a severe sanction." *Id.* at 14. The Court specifically stated that "the exclusionary rule was historically designed as a means of deterring police misconduct, not mistakes by court employees." *Id.* (citations omitted).

The Florida Supreme Court discussed *Evans* in both *State v. White*, 660 So. 2d 664 (Fla. 1995), and *Shadler v. State*, 761 So. 2d 279 (Fla. 2000). In *White*, the court held that a clerical computer error showing an

outstanding warrant—that had, in fact, already been served—resulted from law enforcement's failure to maintain updated and accurate records. 660 So. 2d at 666, 667. So, the court held, the evidence should be suppressed. *Id.* at 667. In *Shadler*, the court held that clerical computer errors by the Department of Highway Safety and Motor Vehicles should be treated as errors by law enforcement under *White*—instead of errors by court employees under *Evans*. 761 So. 2d at 284–85. The court reached this conclusion because the Department is an agency "charged with law enforcement both in fact and by law," as shown by the police's significant reliance on the Department's records in conducting traffic stops. *Id.* at 284. As the circuit court did, we conclude this case is controlled by *Evans*.

This case involved a clerical error by a Department of Corrections employee who performed an administrative role, an error that went undetected until after Maldonado's arrest. The circuit court correctly concluded that suppression of the GPS evidence was not warranted because the detective's actions "were clearly not reckless or grossly negligent," and "[t]here is no deterrent benefit to be obtained from suppression." The record also supports the court's finding that the Department of Corrections' employee's actions were "not deliberate or reckless conduct," nor is exclusion "worth the price paid by the justice system." *See Herring*, 555 U.S. at 144. "[I]n order for a court to suppress evidence following the finding of a Fourth Amendment violation, 'the benefits of deterrence must outweigh the costs.'" *United States v. Master*, 614 F.3d 236, 243 (6th Cir. 2010) (quoting *Herring*, 555 U.S. at 141).

Although Maldonado persuasively argues the statute requiring a court order is "very clear and not hard to understand," the testimony in the circuit court established the Department of Corrections employee believed the victim of the sexual offense was a child, which would have required the GPS monitor. No deterrence would be accomplished by exclusion. So the benefit of deterrence does not "outweigh the costs." *See Herring*, 555 U.S. at 141.

Further, the GPS evidence was ultimately used by the Palm Beach County Sheriff's Office, an agency that did not know about the Department of Corrections' clerical error when it received the evidence. The testimony revealed the Palm Beach Sheriff's Office was not involved with placing the monitor on Maldonado and did not know until after his arrest that he was not supposed to be on a monitor. This provides additional support for the court's denial of the motion to suppress. *See, e.g., United States v. Silva*, 473 F. App'x 569, 570 (9th Cir. 2012) (holding evidence should not have been suppressed where police officers conducted warrantless search of defendant's home after being told by a probation officer that defendant was

6

subject to a warrantless-search condition in his probation order; police officers' conduct was not reckless and there was no evidence of a systematic error to trigger exclusionary rule).

Based on the unrefuted record evidence, at most, the mistake by the Department of Corrections employee was negligence. There is no evidence of anything more, and certainly not of a pattern. That makes this case more like "the usual case, 'when the police act with an objectively reasonable good-faith belief that their conduct is lawful, or when their conduct involves only simple, isolated negligence'"; in these cases, "the deterrence rationale loses much of its force and exclusion cannot pay its way." *United States v. Mitchell*, 653 F. App'x 651, 653 (10th Cir. 2016) (Gorsuch, J.) (quoting *Davis*, 564 U.S. at 238).

"Suppression of evidence . . . has always been our last resort, not our first impulse." *Hudson v. Michigan*, 547 U.S. 586, 591 (2006). Here, the negligent act of an employee performing an administrative task does not compel us to reach that last resort and exclude the evidence.[3]

### ii. A Written Revocation of Probation Order is Required

The circuit court entered a written sentencing order, but the record does not contain a written probation revocation order specifying which conditions of probation were violated. Although neither party raises this issue, we do so sua sponte and remand for entry of a written order specifying which probation conditions were violated. *See, e.g., Stickney v. State*, 263 So. 3d 67, 69 (Fla. 4th DCA 2019) ("[I]f the basis of the revocation can be verified from the hearing transcript and other court documents, the matter should be remanded for entry of an order listing the specific conditions violated." (citation omitted)); *Griffin v. State*, 268 So. 3d 728, 729 (Fla. 4th DCA 2018).

### Conclusion

We affirm the revocation of probation and the court's denial of Maldonado's motion to suppress but remand for the entry of a written order specifying the conditions of probation he violated.

---

[3] Based on our conclusion that the evidence need not be excluded, we need not address the State's alternative argument that, as a probationer, Maldonado had a diminished expectation of privacy under the Fourth Amendment. *See Grubbs v. State*, 373 So. 2d 905, 909-10 (Fla. 1979); *Harrell v. State*, 162 So. 3d 1128, 1131 (Fla. 4th DCA 2015).

*Affirmed and remanded.*

WARNER and FORST, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***